Otis *v.* Cusack.

---

## OTIS *vs.* PATRICK CUSACK and JAMES CUSACK.

A parol partition between tenants in common, accompanied by actual possession in accordance therewith, will bind the parties and those claiming through or from them.

And where, after such a partition has been made, the parties take separate possession of their respective portions, and one of them contracts with a mechanic to erect a dwelling house on his part, which is built, accordingly, the interest of the party so contracting is of such a nature as to make it the subject of a lien under the mechanics' lien law, although the title to the whole lot is in the co-tenant.

But the co-tenant, who is not a party to the contract with the mechanic, and who has no interest in the work done, is not liable under the contract; nor is his share of the property subject to the builder's lien.

THIS is an appeal from a judgment entered upon the report of a referee in favor of the plaintiff, against the defendants. The action was instituted to enforce a mechanic's lien, for labor performed and materials furnished by the plaintiff, in erecting a dwelling house at Port Ewen. On the 5th of December, 1859, the Pennsylvania Coal Company conveyed to the defendant, James Cusack, a lot of land at Port Ewen,

pursuant to a contract between the company and him. The defendant, Patrick Cusack, furnished a portion of the money for the purchase of said lot. After such conveyance to James Cusack, he and Patrick made a verbal agreement by which the lot was to be divided, James to have the south and Patrick the north part. James built a house upon the south part of the lot and occupied it. Subsequently a cellar was dug upon the north part of the lot, upon which a house was to be built for Patrick. After the cellar was finished, a fence was erected across the lot. Patrick entered into an agreement with the plaintiff, by which the plaintiff was to furnish the materials and erect a dwelling house for Patrick upon the north part of said lot. A memorandum of such agreement was made, but not signed by either party. The plaintiff commenced the work, and from time to time, as the same progressed, received money from Patrick, and when the house was completed Patrick took possession of it and occupied it. Patrick also built a barn upon the same lot, in rear of the house. James was upon the premises a part of the time during the erection of the dwelling house, carried some brick, and did some other work about it, for which he was paid by Patrick. James held the deed of the whole lot purchased of the company. Patrick insisted that the work was unskillfully performed by the plaintiff, and that the materials were defective. Evidence was produced by the respective parties upon that question, and the referee made a deduction from the contract price. The referee reported due the plaintiff $644, including interest, from the defendants, and that the plaintiff had a lien upon the building and the lot upon which it was erected, to the extent of the recovery. Judgment was entered in favor of the plaintiff against the defendants, accordingly, and the defendants separately appealed from such judgment.

*Lawton & Stebbins,* for the appellants.

*Schoonmaker & Hardenbergh,* for the respondent.

Otis *v.* Cusack.

*By the Court,* INGALLS, J.  No question is raised as to the regularity of the proceeding by which the lien was sought to be established.  The question whether the work was executed according to the agreement was fully investigated before the referee, each party producing evidence in reference thereto, and of the amount of damage occasioned by the failure of the plaintiff to execute the work agreeably to the agreement. And an allowance of $57.50 was made by the referee, which was deducted from the plaintiff's claim.  I think the referee properly disposed of that branch of the case.  This case is quite unlike a class of cases cited by the appellant's counsel, of which *Smith* v. *Brady,* (17 *N. Y. Rep.* 173,) is an instance, where payment for the work was, *by express agreement,* made to depend upon the production of the certificate of an architect, of the completion of the work.  In that case the court held that the production of such a certificate was a condition precedent to such payment, and that the plaintiff was not justified in commencing the action, before producing such certificate, or rendering a substantial reason why it was not produced.  In the case at bar there is some evidence based upon the declarations of Patrick Cusack, tending to show an acceptance of the work, in addition to the presumption which arose from the occupancy of the building by him. I conclude, therefore, that the defendant, Patrick Cusack, has no substantial ground of complaint, and that as to him the judgment should be affirmed with costs.  After a careful examination of the evidence, I fail to perceive upon what principle the defendant, James Cusack, can be held liable. It is quite evident that he was not a party to the original contract.  The evidence does not, in my judgment, even tend to connect him with the agreement under which the work was done, and materials furnished.  It is true he did some work about the building, carrying brick, &c. and conversed with his brother and others in relation to the building.  For the work he was paid by his brother.  Both James and Patrick expressly testify that James was not a party to the con-

tract and had no interest in the work. It is quite obvious that the referee held James liable because he held the legal title to the whole lot. In that I think he erred. It is true he held the deed, and had not conveyed to Patrick the north part of the lot. There was something in this case beyond the payment of a portion of the purchase money by Patrick. There was an agreement that Patrick was to have the north part of the lot, which was followed by the erection of a fence, and the building of the house and barn on that part of the lot which in the division was allotted to Patrick. James built upon, and actually occupied, the south part of the lot up to the division fence. No more unequivocal evidence of ownership in Patrick of the north part of the lot, short of a conveyance, can be conceived. It can hardly be doubted, but that the court would direct a conveyance by James to Patrick, or to whomsoever succeeded to his rights, of that portion of the premises occupied by Patrick. It has been repeatedly held that a parol partition between tenants in common, accompanied by actual possession, in accordance therewith, will bind the parties and those claiming through or from them. (*Mount* v. *Morton*, 20 *Barb.* 124, 121. *Jackson* v. *Harder*, 4 *John.* 202. *Ryerss* v. *Wheeler*, 25 *Wend.* 434.) I think the same principle will apply between James and Patrick, under the circumstances of this case. Neither question the validity of the division, and certainly would not be allowed to, against parties who had been induced to expend money or incur liability upon the faith of such partition. I therefore conclude that the interest of Patrick Cusack, in that portion of the premises upon which the house was erected, was of such a nature as to constitute it the subject of the lien in question. (*Loonie* v. *Hogan*, 9 *N. Y. Rep.* 435. *Ombony* v. *Jones*, 21 *Barb.* 520, 528. *Hauptman* v. *Catlin*, 4 *Abbott's Pr. Rep.* 472. *Randolph* v. *Leary*, id. 205. *Miller* v. *Clark*, 2 *E. D. Smith*, 543. *McMahon* v. *Tenth Ward St. Com. N. Y.*, 12 *Abbott's Pr. Rep.* 129. *Crary's N. Y. Pr.* 200. *Tiffany & Smith's N. Y. Pr.* 284.)

By the judgment in this action James Cusack is rendered personally liable for the debt, and I fail to discover upon what principle. It is contended by the plaintiff's counsel that James was estopped by his conduct in relation to the work from denying his liability.. I do not perceive from the evidence an act. or declaration on his part which could properly influence the conduct of the plaintiff in relation to the matter. (*Dezell* v. *Odell,* 3 *Hill,* 215.)

There must be a new trial, with costs to abide the event; unless the plaintiff shall elect, within twenty days, to dicontinue the action, as to the defendant, James Cusack, with costs; in which event the judgment should be affirmed as to Patrick with costs, and reversed as to James with costs.

[ALBANY GENERAL TERM, March 7, 1865. *Peckham, Miller* and *Ingalls,* Justices.].