## FOSTER *v.* VAN WYCK.

### September, 1867.

Tax assessors, having jurisdiction of the person and of the subject matter—that is, taxation of property—and invested by the statute with authority to decide what property is taxable and what exempt, act judicially in so deciding; and an assessment, though clearly erroneous in overruling a claim of exemption, is not void.

It makes no difference whether the claim of exemption arises from State or national law.

The determination of the assessors to impose a tax is a judicial determination; and an error therein, although it may be corrected by an appropriate proceeding, does not lay the foundation for an action at law by the person assessed to redress the alleged injury,[*]

Three tax-payers of the city of Poughkeepsie had controversy with the city corporation, the tax assessors and the tax collector, in reference to the liability of the former to certain taxes; and they respectively agreed upon a statement of facts, in each case, which were submitted to the supreme court for

[*] Compare Chapman *v.* City of Brooklyn, 40 *N. Y.* 372; Bank of Commonwealth *v.* Mayor, 43 *Id.* 184; Newman *v.* Supervisors of Livingston, 45 *Id.* 576; Bailey *v.* Buel, 59 *Barb.* 158; Dorn *v.* Backer, 61 *Id.* 597; Wade *v.* Matheson, 4 *Lans.* 158; People *ex rel.* American Linen Thread Co. *v.* Howland, 61 *Barb.* 273; Buffalo & State Line R. R. Co. *v.* Supervisors, 48 *N. Y.* 93; People *ex. rel.* Westbrook *v.* Trustees, &c., *Id.* 390, Western R. R. *v.* Nolan, *Id.* 513.

determination, without action, under section 372 of the Code of Procedure.

One claim was by Charles W. Swift against the city. Another by George Van Kleeck against Frederick Woodruff, the city collector of taxes; and the third was by Daniel C. Foster, against Cornelius Van Wyck and others, the assessors of taxes of the same city.

The facts, which, with the exception of the foregoing statement of the relation which the respective defendants sustained to the transactions, were substantially the same in all the cases, are stated in the opinion of the court. The plaintiffs appealed to this court from judgments in favor of the defendants, which had been rendered in each case in the supreme court.

*John Thompson* and *Joseph H. Jackson*, for the plaintiffs, appellants.—The tax was illegal. Churchill *v.* City of Utica, 33 *N. Y.* 161; reversed in Van Allen *v.* Assessors, 3 *Wall.* 573. The assessment was therefore void. Davis *v.* Newkirk, 5 *Den.* 92; Prosser *v.* Secor, 5 *Barb.* 607; 15 *Pick.* 44; 1 *R. S.* 389, § 8; Adams *v.* Litchfield, 10 *Conn.* 127; and see Alexander *v.* Hoyt, 7 *Wend.* 89, 93; Suydam *v.* Keys, 13 *Johns.* 444; 5 *Barb.* 608; Mygatt *v.* Washburn, 15 *N. Y.* 316.

*James Emott*, for the defendants, respondents.—Action does not lie against the city for money received. Nor for the misfeasance of the assessors. 21 *Barb.* 267; 3 *Den.* 117; 1 *Hill*, 545; 12 *Barb.* 161; 11 *N. Y.* (1 *Kern.*) 392; 31 *Barb.* 505. Plaintiff, if wronged by the collector, has two sufficient legal remedies: 1. Trespass against him; and 2. A *certiorari*. Therefore, the court will not issue an injunction now. Heywood *v.* City of Buffalo, 14 *N. Y.* 534.

He is not liable in trespass. Savacool *v.* Boughton, 5 *Wend.* 170; Chegaray *v.* Jenkins, 5 *N. Y.* (1 *Seld.*) 376. The face of the warrant does not show a want of jurisdiction. The assessors had jurisdiction. 1 *Seld.* 376; Randall *v.* Smith, 1 *Den.* 214. The claim of exemption could not be raised against the warrant. Patchin *v.* Ritter, 27 *Barb.* 34; Hill *v.* Sellick, 21 *Id.* 207; Johnson *v.* Dean, 30 *Id.* 616; Ontario Bank *v.* Bunnell, 10 *Wend.* 186, 196. The assessors' action is judicial. They had jurisdiction of person and subject, and they are not liable personally, unless corruption is shown. Weaver *v.* Diefendorf,

*3 Den.* 117; Hill *v.* Sellick, 21 *Barb.* 207; Chegaray *v.* Jenkins, 5 *N. Y.* (1 *Seld.*) 375. At most their determination was erroneous, not void. .

*John Thompson*, in reply, in addition to the foregoing authorities;—Cited and commented on Dow *v.* Parish of Sudbury, 5 *Metc.* 73; Inglee *v.* Bosworth, 5 *Pick.* 501; Baker *v.* Allen, 21 *Id.* 383; Boston Glass Co. *v.* Boston, 4 *Metc.* 181; Sumner *v.* Dorchester, 4 *Pick.* 364; 21 *Pick.* 64; Preston *v.* City of Boston, 12 *Pick.* 7; 30 *Maine*, 404; Amesbury Manufacturing Co. *v.* Town of Amesbury, 17 *Mass.* 460; Salem Iron Co. *v.* Danvers, 10 *Mass.* 514; Atwater *v.* Woodbridge, 6 *Conn.* 223; 7 *Id.* 333; 11 *Id.* 257; 13 *Id.* 228; Adams *v.* Littlefield, 10 *Id.* 127.

J. M. PARKER, J.—These are controversies submitted to the supreme court, without action, pursuant to section 372 of the Code.

The facts stated to the court in the several submissions, which are subtantially alike, show that the plaintiffs are residents of the city of Poughkeepsie, and respectively owners of shares in three national banks, organized under the act of Congress, approved June 3, 1864, and located in said city.

The assessors of that city, in the year 1865, assessed the plaintiffs, respectively, for their shares in the said banks, at their par value. The plaintiffs did not personally appear before the assessors, nor serve any claim or notice on them in reference to said assessment. The assessors made out an assessment roll in the form prescribed by statute, on which each of the plaintiffs were assessed and taxed for other property; and at the close of the alphabetical list, and on a separate part of the roll, they inserted the names of the said national banks, and the value of the real estate of each, and then, under the name of each bank so entered, they entered the names of the shareholders therein respectively, the numbers of the shares owned by each, and the par value thereof; and the common council imposed and extended the tax upon the real estate of each bank, and upon each shareholder for the value of his shares so entered.

The cashiers of the banks, before the completion of the roll, notified the assessors that such last-mentioned assessments were illegal, and demanded that they should be stricken from the roll. This was refused by the direction of the common council; a warrant was issued to the collector, under the seal of the city and the hand of the mayor, attached to the assessment roll, and with it delivered to the collector, commanding him to receive, levy, and collect from the several persons therein named the several taxes therein imposed.

Under this warrant, the collector, on June 7, 1866, levied and collected the several taxes imposed on such bank shares of the plaintiffs respectively, for their goods and chattels, and did forthwith pay the same to the chamberlain of said city, who is *ex officio* treasurer thereof.

On the part of the plaintiffs it is claimed that the said assessments, and all proceedings based thereon, were without jurisdiction and void; and that the levy on their goods and chattels, in pursuance of said warrant, and by direction of said city, was a trespass, for which the defendants respectively are liable to the plaintiffs, in the amount so collected from them.

On the other hand, the defendants claim that the assessors had jurisdiction in the premises, and admitted that the bank shares were exempt from taxation; that the defendants, respectively, are not liable to any action by reason of said assessments, &c., but that the plaintiffs, having omitted to institute legal proceedings to compel the collection of said assessment roll, by the court or otherwise, are remediless in the premises.

The supreme court held that the plaintiffs were neither of them entitled to recover, and gave judgment for the defendants respectively to that effect, and for costs.

From the judgment thus given the plaintiffs severally appeal to this court.

The question in each case is, did the assessors have *jurisdiction* in respect to the assessments complained of? for it is not denied, on the one hand, that, under the decision of the supreme court of the United States, in Van Allen *v.* Assessors, 3 *Wall.* 573, the assessment was unauthorized, and would have been set aside upon due application to the supreme court, as not being in accordance with law; nor, on the other, that if

the assessors had jurisdiction in the matter, and have erred only in its exercise, the only remedy of the plaintiffs was such application to set it aside ; and that no action for the irregularity would lie against any of the defendants ; except that in the case of Swift *v.* City of Poughkeepsie, it is claimed by the plaintiff that, even if the assessors had jurisdiction, so that they and the collector are not liable, still as the plaintiff was not legally liable to taxation on his bank shares, the city, which has received the money collected from him to satisfy such illegal tax, is legally liable to refund it to him.

That the assessors had jurisdiction in the matter cannot, I think, be successfully disputed.

Taxation of all property is the general rule of the statute. It provides as follows: " All lands, and all personal estate within this State, whether owned by individuals or corporations, shall be liable to taxation, subject to the exemptions hereinafter specified." 1 *R. S.* 387, § 1, 1 ed. By the same statute (p. 390, § 8), it is made the duty of the assessors " to ascertain, by diligent inquiry, the names of all the taxable inhabitants in their towns or wards, and also all the taxable property, real or personal,,within the same." It is not denied that the assessors had jurisdiction of the plaintiffs, as taxable inhabitants of their towns or wards. As to the property in question, it falls within the description of property declared by section 1 of the act above quoted to be liable to taxation. It is " personal estate," as the same is defined by section 3 of the act, the term including " public stocks," and " stocks in moneyed corporations." It may also fall within one of the exemptions; but being property *prima facie* liable to taxation, and the duty of the assessors being to ascertain all the taxable property, real and personal, within their town or ward, this property, held by residents of their town, presents itself to them for their decision whether it is taxable or exempt from taxation. That it shall turn out to be exempt from taxation does not exempt it from the scrutiny required of them by the statute, to ascertain whether or not it is taxable. Being personal property within their town or ward, it is within their jurisdiction as assessors; they have the right, and it is their duty, to examine the question whether it is liable to taxation, and this a judicial inquiry

(11 *N. Y.* [1 *Kern.*] 593; 3 *Den.* 117)—one, it may be remarked, in which the highest courts have differed; and should they make a mistake, and hold it liable to taxation when it is not, surely they should not, for such mistake, be held liable as wrong-doers. Chegaray *v.* Jenkins, 5 *N. Y.* (1 *Seld.*) 376; Barhyte *v.* Shepherd, 35 *N. Y.* 238; Vail *v.* Owen, 19 *Barb.* 22; Rochester White Lead Co. *v.* City of Rochester, 3 *N. Y.* (3 *Comst.*) 463.

One of the classes of property expressly exempted by section 4 of the act from taxation is, "Every building erected for the use of a college, incorporated academy, or other seminary of learning." In Chegaray *v.* Jenkins (*supra*), the building occupied by the plaintiff as a young ladies' boarding and day school, was taxed, she claiming that it was exempt; and the collector levied on her property to collect the tax. Judge RUGGLES, in his opinion, discussing the question of jurisdiction, says: "The assessors, in determining whether the plaintiff's property was taxable as a dwelling, or exempt as a seminary of learning, acted judicially, and within the sphere of their duty. . . . . Having the general authority to make assessments for taxation within the ward in which the plaintiff's property was situated, they had jurisdiction of the subject matter of the assessment in question." See also Henderson *v*, Brown, 1 *Cai.* 92. Section 4 of the act in effect allows ministers of the gospel to hold property to the amount of fifteen hundred dollars exempt from taxation. In Barhyte *v.* Shepherd, 35 *N. Y.* 238, the plaintiff, a minister of the gospel, sued the assessors for refusing to exempt him from taxation, although his real and personal estate were worth less than fifteen hundred dollars; and it was held that the assessors had jurisdiction to decide whether the plaintiff's property was exempt or not; and in so deciding acted judicially, and were not liable for assessing the plaintiff upon his property, even though it was exempt from taxation.

It cannot be said that the bank shares in these cases were any more absolutely exempt from taxation than " a building erected for the use of a seminary of learning," or the farm of a minister of the gospel, occupied by him, and of a value not exceeding fifteen hundred dollars. If the building on the farm turns out to be exempt, because found to be in the category of

exemptions, it is as absolutely non-taxable as the bank shares in question; and yet the assessors are not liable for improperly including it in the assessment, because they are invested by the statute with the authority to decide what property is taxable, and in so deciding act judicially.

It can make no difference, I apprehend, in regard to the assessors' jurisdiction, whether this immunity from taxation arises from State law or national law. In either case, the question of liability to taxation is to be determined by the assessors, and they have, of course, jurisdiction to decide it.

It is equally a judicial decision in either case, having equal protection from liability for having decided erroneously.

It is impossible to make any distinction, in respect to the subject under consideration between the case at bar and the cases last cited; and, as was said by Judge LEONARD in Barhyte *v.* Shepherd, after remarking upon the holding in Mygatt *v.* Washburn, 15 *N. Y.* 316, that assessors have no jurisdiction to assess a non-resident for personal property: " It is not necessary to extend the application of the rule on any ground of public policy, that I can perceive, so as to include cases of mistake in deciding a claim to exemption, where the person and estate of the party are within the jurisdiction of the assessor."

The circumstance that the assessment of the bank shares was separate from the other personal property of the plaintiffs, and specifically upon the shares, does not affect the question of jurisdiction. If the assessors, having jurisdiction of the subject-matter, and of the persons of the plaintiffs, have failed to follow the directions of the statute in making up their roll, their action was irregular, and open to correction upon proper application to the supreme court ; voidable, but not void. Easton *v.* Calender, 11 *Wend.* 91, 95; Cunningham *v.* Bucklin, 8 *Cow.* 178; Wilson *v.* Mayor, &c. of N. Y., 1 *Den.* 595, 599 ; Butler *v.* Potter, 17 *Johns.* 145 ; and cases above cited. The rule is stated in Easton *v.* Calendar as follows: " Where the magistrate or officer has jurisdiction of the subject-matter, and errs only in the exercise of it, his acts are not void, but voidable, and the only remedy is by *certiorari* or writ of error."

In regard to the liability of the city of Poughkeepsie to refund the taxes paid into its treasury, and under the assess-

Foster v. Van Wyck.

ments in questions, I am unable to see how it can be. The assessment was not void, but irregular or erroneous; and the only mode of avoiding such an assessment is by an application to the assessors, or by a proceeding in the supreme court to correct the errors or irregularities. While the assessment stands unreversed, it is as effectual to protect, not only those by whom it was made and executed, but all persons claiming under it, as a judgment of a court having jurisdiction. It would be an error to hold that no liability attached to those who instituted and carried out the proceedings to compel the payment of the money by the plaintiffs (there being no statutory protection), and yet that the individual or corporation who received it is legally liable to refund it.

The cases cited by the learned counsel for the appellants, holding, " that when a tax has been *illegally* assessed and collected, the money may be recovered back," are cases where there was, in the view of the court, a want of jurisdiction. In Gsborn v. Danvers, 6 *Pick.* 89, it was held that when a taxable inhabitant is overrated by assessors, whether by including in the valuation property of which he is not the owner, or that *for which he is not liable to be taxed,* that does not render the assessment invalid or void; and his only remedy is by application to the assessors, or the court of sessions, which is authorized to relieve in such cases, and not by an action for money had received.

I am of the opinion that the judgment appealed from should be affirmed.

As to the case of Foster v. Van Wyck, and Van Kleeck v. Woodruff, all the judges concur in affirming the judgments.

As to the case of Swift v. City of Poughkeepsie, a sufficient number of judges to give a judgment failing to concur, a reargument in that case is ordered.*

Judgment affirmed in the first and second cases, and reargument ordered in the third case.

* That case was finally determined in favor of the defendants also. 37 *N. Y.* 511.