CHARLES W. SWIFT, APPELLANT, *v.* THE CITY OF POUGHKEEPSIE, RESPONDENT.

*Certiorari—Boards of Assessors—Powers—Taxes—Error.*

Where the assessors have jurisdiction of the person, and of the subject-matter, the assessment, though erroneous, is not void.

The determination of the assessors to impose a tax at a specified rate is a judicial determination; and, though erroneous, it lays no foundation for an action at law to redress the alleged injury.

In such case the remedy is by certiorari or writ of error.

THE Plaintiff appeals from a judgment of the Supreme Court in the Second District against him, upon a case submitted by counsel under the provisions of the Code in reference to submitting controversies without action.

The facts agreed upon are substantially these.: The assessors of Poughkeepsie, in the year 1865, assessed the Plaintiff on the amount of certain shares of stock in the Farmers and Mechanics' National Bank, at their par value. The cashier of the bank notified the assessors that the bank held a certain amount of the bonds of the government, as a part of their capital, and claimed that the Plaintiff could not, therefore, be taxed therefor; but the Plaintiff did not appear before the assessors, nor take any measures to correct or reverse the assessment.

A warrant for the collection of this tax was duly issued to the collector of taxes for the city, and on the refusal of the Plaintiff to pay, the collection was enforced by levy on goods of the Plaintiff, and paid over to the treasurer of the city, and the money was applied by him to city purposes.

This action is brought to recover back from the city of Poughkeepsie the money thus collected and paid.

*J. H. Reynolds* for Plaintiff.

*James Emott* for Defendant.

BACON, J.—At a recent Term of this Court, this case was

brought on, and was argued in connection with the two cases of Van Kleeck *v.* Woodruff, and Foster *v.* Van Wyck and others.

The first was an action against the collector of the city of Poughkeepsie, and the second against the assessors of the city, both being founded upon precisely the same state of facts that exist in this case. In the suits against the assessors, and collector, the claim was made that the assessment was wholly unauthorized by law; that the assessors had no jurisdiction to make it; and the tax being clearly illegal, its collection was a trespass upon the rights of the several Plaintiffs, for which they had an appropriate remedy; and that in this suit, the city having received the money, as well as authorized its collection, it was responsible to the Plaintiff for money had and received to his use; and that is the precise question presented by this case.

The opinion of this Court was pronounced at a prior Term, and the two cases against the assessors and collector were disposed of; but a sufficient number of Judges failed to concur in the opinion, so far as it related to the case of the present Plaintiff, and a re-argument was consequently ordered, which was duly had at the last Term.

In the judgment pronounced in the two cases of Van Kleeck *v.* Woodruff, and Foster *v.* Van Wyck, &c., this Court held that the assessors had jurisdiction of the person of the Plaintiff and of the subject-matter, to wit, taxation, and of the property in question; and that although the assessment was clearly erroneous, it was not void; that the determination of the assessors to impose the tax, at the rate specified by them, was a judicial determination, and that although such error might be corrected by an appropriate proceeding, it did not lay the foundation for any action at law to redress the alleged injury.

The counsel on the part of the Defendant has sought to open and argue the question, whether the tax imposed in this case was one authorized by law, and the counsel for Plaintiff to present once more the argument that the assessors did not act judicially in making the assessment, and that having no jurisdiction of the

subject-matter, their assessment was absolutely void.    Neither of these propositions can now be entertained by this Court.

The question of the non-liability of the Plaintiff to taxation, in respect to the stock held by him in the bank, has been settled by the Supreme Court of the United States, in a case involving that precise point; and in the decision made by this Court, at the last Term, this is expressly assumed and conceded.    The other question also, to wit, that the assessors, in making their determination, acted judicially, and are entitled to the protection which is accorded to all tribunals and parties thus acting, can no longer be regarded as an open question in this Court.    This point, so far as the assessors are concerned, seems to have been put at rest in Barhyte *v.* Shepherd (35 N. Y. 238).

Before the judgment was pronounced in the two cases against the assessors, and the collector, the argument of the Plaintiff was perhaps permissible, for, undoubtedly, cases could be found looking in the directions both of imposing liability upon such parties, and extending to them the immunity which judicial tribunals have always enjoyed.    But since the delivery of the opinion of Parker, J., to the extent that it was adopted by this Court, where the cases are considered, and the conclusion announced, that assessors and collectors are both protected by the same rule, to wit, that " where a magistrate or officer has jurisdiction of the subject-matter, and errs only in the exercise of it, his acts are not void, but voidable, and the only remedy is by certiorari, or writ of error," the whole question is precluded, and in this Court will not be reopened.

The Plaintiff claims to recover in this case under the broad and benignant doctrine that the action for money had and received will lie wherever the money sought to be recovered belongs, " ex æquo et bono," to the party seeking the remedy.

The wide scope and benign tendency of this principle is not denied, nor that, as a general rule, it will be applied to almost every case where a person has received money, which, in equity and good conscience, he ought to refund to the true owner.    And yet it must be conceded that there are exceptions to the universal

application of the rule. If it were not so, that other wholesome doctrine, "interest Reipublicæ ut sit finis litium," would be practically subverted, since the judgment of a Court of competent jurisdiction, followed by its enforcement, and the collection of the money, could be as readily attacked and as easily upset as a proceeding without judicial sanction, by which money has been unlawfully and wickedly extorted from another.

But nothing is better settled than that no action will lie to recover back money collected by virtue of legal proceedings, unless such proceedings can be impeached as founded in fraud, imposition, or extortion. A party cannot proceed a step in such an action, if, in order to sustain it, the Court is called upon to review the merits, or the regularity of the proceeding, or determination, as the result of which the money was collected and paid over.

The logical result of this principle, it seems to me, determines this action in favor of the Defendant.

The moment this Court held and decided that, in determining the question of the liability of the Plaintiff to taxation, in respect to the stock held by him, the assessors were exercising a judicial function, and that the assessment was in fact a judgment, the conclusion followed that their determination could not in this form be overhauled. Conceding the judgment they passed was erroneous, still, while it stood unreversed, it protected, not only them, but all who acted in supplementing and carrying out that judgment, and availing themselves of its fruits; and the money thus obtained can no more be recovered back by action, than can a suit be sustained and money recovered which has been collected upon the erroneous judgment of any Court of competent jurisdiction.

And I concur fully in the conclusion announced by this Court, when this and the other cases were before it, that "it would be an anomaly to hold that no liability attached to those who instituted and carried out the proceedings to compel the payment of the money by the Plaintiffs (there being no statutory protection), and yet that the individual or corporation who received it is legally liable to refund it."

No suit to recover taxes erroneously assessed, and paid over to a county, or a municipal corporation, has yet been sustained in this State, whatever may be the rule elsewhere. It is true that it has occasionally been intimated by Judges, in giving their opinions, denying certain other remedies, that actions of this character might be sustained, and this has been affirmed by counsel, arguendo, as may be seen in the cases of People *v*. Reddy (43 Barb. 539), and People *v*. Supervisors of Chenango County (11 N. Y. 567); but these cases have no authority; while on the other hand, although the point is not fairly decided, a strong intimation is given that no such action can be sustained, in the opinion in the case of Lorillard *v*. Town of Monroe (11 N. Y. 393).

The case of Chegary *v*. Jenkins (1 Seld. 376) held, that an action would not lie against a collector for enforcing the collection of a tax, where his warrant was regular, although it was questionable whether the property assessed was not exempt from taxation; and in the case of Chegary *v*. Mayor of New York (3 Kern. 229), where the action was brought to recover the money which had been passed by the collector into the city treasury, while the Court held that the propery was not exempt, and therefore that the tax was properly assessed, the Court say that if the case had turned upon the question of liability of the Defendant, if the property had not been liable to taxation, the Plaintiff's right of recovery would have been very doubtful.

No precedent, therefore, can be found with us to sustain this action. The intimations against it are quite as strong as those in its favor, and in the light of the principle now applied to protect officers, judicial and "quasi" judicial, in their organization and action, it seems to me impossible to maintain the liability sought to be enforced against the Defendant.

It is not incumbent upon us to point out to the Plaintiff what remedy he has for what must be admitted to be a wrong and injustice which he has suffered.

Notwithstanding the principle which has acquired almost the character of an axiom, that there is no wrong without a remedy, there do arise in the course of human affairs certain hardships,

which even the law, with its broad shield, cannot avert, or its sharp sword redress, and they must be submitted to, as personal and social wounds, immedicable and remediless.

But in this case we are not prepared to say that the Plaintiff has not, or rather had not, if he had availed himself of it in season, an ample remedy, by certiorari, to correct the assessment, while it was in fieri, and capable of being reached.

The Plaintiff denies the efficacy of this remedy, upon the ground that, upon a certiorari, the Court will only consider the question of jurisdiction, and that, in this case, if the Court found, as it would, upon the doctrine now proclaimed, that the assessors had jurisdiction, their determination as to the legality of the tax could not have been reviewed.

It is true that this has been the doctrine of the Courts to a considerable extent, upon what ground, either of principle or necessity, I never could very clearly comprehend. But I think at this time a more liberal rule would, and should be applied, and that a certiorari would not only bring up the naked question of jurisdiction, but the evidence on which the body acted to which the writ is directed, as well as the ground or principle of their action, and thus present the entire case for review, and, if necessary, for correction. (See People *v.* Van Alstyne, 32 Barb. 131.) In the case of the Susquehannah Bank *v.* Supervisors of Broome County (25 N. Y. 312), Judge Denio says: " It is not necessary that we should show that the party complaining * * * could have his grievances examined in some other form; but we suppose that a certiorari might, in the discretion of the Supreme Court, be awarded to *determine the validity of a tax.*"

It is obvious that the validity of the tax could only be determined by bringing up the whole action of the assessors, and thus enable the Court granting the writ to pass upon the propriety of the assessment.

See further, on this point, Baldwin *v.* The City of Buffalo (35 N. Y. 380), Morgan, J., holding, substantially, that the writ will bring up all that is necessary to present the question of law on which the Relator relies.

If this remedy shall fail, and the city of Poughkeepsie should not possess sufficient honesty to refund voluntarily the money, which in good conscience it has no right to retain, the ultimate remedy must be by an application to the Legislature to provide some legal machinery to reach the case, or compel repayment by an act framed for that purpose, as has already, in several instances, been done.

The judgment must be affirmed.

Affirmed by GROVER, HUNT, MILLER, CLERKE, and BACON, JJ.

JOEL TIFFANY,
State Reporter.
