HARVEY D. FURGUSON *vs.* JAMES TWEEDY, MARIA TWEEDY his wife, and WILLIAM GRIFFITHS.

The old established rule is, that four things are requisite to an estate by curtesy; viz., marriage, actual seisin of the wife during coverture, issue, and death of the wife.

The general rule, according to the English law, is, that the wife must have been seised in fact and in deed, and not merely in law, to entitle the husband to his curtesy; and that there must have been an entry during coverture.

A man cannot be tenant by the curtesy of a bare right or title, or a reversion, or remainder expectant upon any estate of freehold, unless the particular estate be determined or ended during the coverture.

This rule has been somewhat relaxed in this country when the wife is the owner of waste, wild or uncultivated lands, not held adversly; for in such cases she is deemed seised in fact, so as to entitle her husband to his curtesy.

A testator, by his will, devised his real estate to his children, George and Maria, equally to be divided between them, in fee, with the right of survivorship between them, in case of the death of either without issue. After the death of the testator, the devisees went into the actual possession of the land, claiming under the will, as tenants in common. By proceedings under the absconding debtor act, good as against Maria, the undivided possession of George in the farm subsequently passed to S. G., and he and Maria, by deeds, partitioned, as between themselves, said farm, until either of them should die without lawful issue; and each had entered into and was in exclusive possession of one half thereof, separately, before Maria's intermarriage with the plaintiff; so that she was not, at the time of her marriage, in the actual possession of the premises assigned to S. G. by the partition deed, or any portion thereof; nor was she seised in fact of such portion at any time during coverture.

*Held*, 1. That the deed from Maria to S. G. was a valid and binding instrument, and passed an absolute estate for the period defined therein, as against the grantor, so long as she remained undisturbed in the share released to her.

2. That the plaintiff's wife, Maria, not being seised in fact, at any time during coverture, of the undivided half of the premises conveyed to S. G., the plaintiff took no estate by the curtesy, therein.

3. That the defendants were not estopped by a judgment obtained by the heir of Maria, after the death of the latter, against S. G. for the recovery of the premises in question, from asserting that the plaintiff's wife was not seised in fact of such premises during coverture.

4. That the plaintiff was *estopped* from claiming his curtesy in the premises in question. That by his action he elected to take his curtesy out of the

portion of the estate accepted by his wife as her share; and having, by his own election, received the entire rents and profits of all his wife's inter-est in the estate, he could not repudiate the division, or his acts, and claim the rents and profits of an undivided half of the other moiety.

THIS is an appeal from a judgment of the special term in favor of the defendants.

The action was on the equity side, and demanded a judgment declaring that the plaintiff was seised of an estate for life in the premises mentioned in a certain judgment heretofore rendered in favor of Tweedy and wife against one S. G. Green, and entitled to the rents, issues and profits of said premises; directing that said Tweedy and· wife assign to the plaintiff the judgment recovered against said Green for rents and profits, and also all claim against William Griffiths for the rents, issues and profits of said premises; and that said defendants Tweedy and wife be restrained, &c.

The facts are these: In 1824, one *Henry* Green was the owner of a farm of 300 acres, in Florida, Montgomery county; he died in September of that year, leaving a will dated the August previous, by which he devised to his two illegitimate children, *George* and *Maria*, all his estate, real and personal, "equally to be divided between them, share and share alike, to have and to hold unto them, their and each of their heirs and assigns forever;" "and it is my will and intent that if either of my children, to wit: *George* and *Maria*, shall die without lawful issue, that then and in that case the surviving one, or survivor, shall take the whole of my said estate which has been devised to them," &c. After the death of said *Henry*, said *George* and *Maria* went into the actual possession of said farm, claiming under said will.

In 1830, proceedings were taken by one Herrick, a creditor, against said *George*, as an absconding debtor, and such proceedings were had that trustees were appointed, who sold all the interest of *George* in said farm, Decem-

ber 9th of that year, to *Samuel* G. Green, for $525; and gave him a deed therefor, under which he went into possession of the undivided half thereof.

In the year 1831, the said *Samuel* G. Green and *Maria* Green made a partition of said farm, by deed, wherein they respectively conveyed to each other the several portions of said farm assigned, to them, to their heirs and assigns, "until either the said *George* Green or the said *Maria* Green shall (should) die without lawful issue, and no longer." That after the execution and delivery of said deeds, the said *Samuel* and *Maria*, who had before held jointly, each took possession of, and held separately, the several parcels assigned to each.

Afterwards, November 1831, the plaintiff, Harvey D. Furguson, intermarried with said *Maria* Green. Said *Maria* Green died August 29th, 1832, intestate, leaving the plaintiff, her husband, and an only child, Maria Furguson, now the defendant Maria Tweedy, her only heir at law, her surviving. Said *George* Green died intestate and without issue, in 1839, having never been married.

Said *Maria* Green, at the time of her marriage with the plaintiff, was in the exclusive possession of the premises assigned to her in said partition deed, and the said *Samuel* G. Green in the exclusive possession of the premises assigned to him by said partition deed; which said several possessions continued until the death of said *Maria*, and after her death, by her husband, down to November, 1862, when he sold and conveyed to said Maria Tweedy, her heirs and assigns, the said premises and all his possession thereof and interest therein, and delivered to her the possession, which she accepted, and still retains. The consideration for said deed was $1000 cash, a release of an estate in remainder in a lot of eight acres theretofore sold by the plaintiff, and the discontinuance of two actions for waste.

*Samuel* G. Green, from the time of said partition, con-

tinued in the actual possession of the said premises set off and deeded to him, until November, 1855, when he sold and conveyed to one William Griffiths, who thereupon entered into and continued said possession until July 14, 1862, when he was evicted from an undivided half of said portion partitioned and deeded to *Samuel* G. Green, as hereinafter stated.

In April, 1854, James Tweedy and wife commenced an action against *Samuel* G. Green, to recover the possession of that portion of said farm of 300 acres set apart to him by said partition deed, claiming that the said Maria Tweedy was entitled to the same under the executory devise of *Henry* Green over of *George's* moiety, he having died without issue ; and also that said Maria Tweedy was entitled to a moiety of said farm of 300 acres, as heir at law of her mother.

William Griffiths purchased the interest and possession of said *Samuel* G. Green with full notice of the pendency of said action ; and the said Griffiths covenanted to prosecute said action at his own expense until its final determination. Such proceedings were had in said action, that in February, 1861, the said James Tweedy and wife, in right of said Maria, recovered a judgment for the possession of one equal undivided half of the premises described in the partition deed to said *Samuel* G. Green, and then in the possession of said William Griffiths, as heir at law of her mother, and $2231.25 for rents and profits, and $519.31 for costs ; and on the 14th July, 1862, the said Maria Tweedy was put into actual possession of said undivided half. The costs have been paid by Griffiths, but no part of the rents and profits. *Samuel* G. Green is insolvent. Maria Tweedy has commenced an action against said William Griffiths to recover the rents and profits, recovered as aforesaid against *Samuel* G. Green, and also the rents and profits for the time said Griffiths was in possession ; which action is still pending.

On the final trial of the case between James Tweedy and Maria his wife, against *Samuel* G. Green, it was adjudged that the proceedings under the absconding debtor's act against *George* Green, whereby *Samuel* G. Green claimed to have obtained title to the one undivided half of said 300 acre farm, were void; the county judge not having obtained jurisdiction in the matter. It was also held that the said Maria Tweedy was not an heir at law of *George* Green, nor a relative of his on the part of his mother; that the death of *Maria* Green leaving issue, before the death of *George* Green, although without issue, defeated the executory devise over of the moiety devised to *George* Green, so that Maria Tweedy was not entitled to recover the undivided moiety of the 300 acres devised by *Henry* Green to *George* Green; but might recover, as heir at law of her mother, the possession of the equal undivided moiety of said 300 acres, and of the said *Samuel* G. Green, in said action, the possession of an undivided half of that portion thereof held by him, as a part of the whole.

*J. H. Reynolds* for the appellant.

*S. W. Jackson,* for the respondents.

*By the Court,* JAMES, J.   The plaintiff's right to the relief demanded by his complaint depends entirely upon the question whether he had an estate for life, as tenant by the curtesy, in the undivided half of that portion of the premises set apart to, and taken possession of by, *Samuel* G. Green, in virtue of the particular deeds by and between said *Samuel* and *Maria* Green, before her marriage with the plaintiff.

The old established rule is, that four things are requisite to an estate by the curtesy; marriage, actual seisin of the wife during coverture, issue, and death of the wife.

Furguson *v.* Tweedy.

One question here is, whether there was such a seizin of the wife, of the premises in question, as was requisite to create the tenancy. The general rule, according to the English law, is, that the wife must have been seised in fact and in deed, and not merely in law, to entitle the husband to his curtesy, (4 *Kent's Com.* 29;) and that there must have been an entry during coverture. (1 *How. U. S. Rep.* 37.) It is said in *Coke Litt.* 29, *ch.* 4, § 35, "tenant by the curtesy, of England, is, when a man taketh a wife seised in fee simple, or in fee tail in general, or seised as heir in tail special, and hath issue by the same wife, male or female, born alive, albeit the issue after dieth or liveth, yet if the wife dies the husband shall hold the land during his life. And first, of what seisin a man shall be tenant by the curtesy. There is in law a two fold seisin, viz., a seisin in deed and a seisin in law, and here *Littleton* intendeth a seizure in deed, *if it may be attained unto*, as if a man dieth seised of land in fee simple, or fee tail general, and these lands descend to his daughter, and she taketh a husband and hath issue, and dieth before any entry, the husband shall not be tenant by the curtesy; and yet in this case she had a seisin in law; but if she or her husband had during her coverture entered, he should have been tenant by the curtesy. A man shall not be tenant by the curtesy, of a bare right or title, or a reversion, or remainder expectant upon any estate of freehold, unless the particular estate be determined or ended during the coverture." This is still the general rule, although it has been somewhat relaxed in this country, where the wife is the owner of waste, wild or uncultivated lands, not held adversely; for in such cases she is deemed seised in fact, so as to entitle her husband to his curtesy. (8 *John.* 262.)

In this case, on the death of the testator, *Henry* Green, his children, *George* and *Maria* Green, by virtue of the will, were in possession of the 300 acre farm as tenants in common. But by proceedings under the absconding debtor

act, good as against *Maria* Green, the undivided posses-
sion of *George* Green in said 300 acre farm had passed to
*Samuel* G. Green; and he and said *Maria* had, by deeds,
partitioned, as between themselves, said farm, until she,
or the said *George*, should die without lawful issue; and
each had entered into and were in exclusive possession
separately of said parcels of land, before her intermarriage
with the plaintiff, Furguson; so that she was not, at the
time of her marriage, in the actual possession of the prem-
ises described in the complaint, or any portion thereof,
nor was she seised in fact of such portion at any time
during coverture. The deed from *Maria* to *Samuel* G.
Green was a valid and binding instrument, and passed an
absolute estate for the period defined therein, as against
her, so long as she remained undisturbed in the share
released to her.

It therefore follows that the plaintiff's wife was not
seised in fact, at any time during coverture, of the undi-
vided half of the premises conveyed to *Samuel* G. Green,
and therefore the plaintiff took no estate by the curtesy
therein.

The plaintiff's ground for recovery is that as Maria
Tweedy, in 1861, recovered the premises in question, as
the heir at law of her mother, and such recovery being
based on the theory that the partition deeds became inop-
erative upon the death of her mother, whereby *George*
became seised in fee, as tenant in common with Maria
Tweedy, she is estopped from denying that her mother
was seised in fact, of the premises in question, at the time
of her death, and during coverture. This reasoning is
entirely fallacious. The mother, before her marriage with
the plaintiff, had disposed of her interest in, and had sur-
rendered the possession of, the premises in dispute for her
life, or the life of *George* without issue. This estate did
not terminate until her death; in fact, not until the death
of *George*, he having died without issue. On the death of

*Maria* Green, her estate in the 300 acre farm descended to the heir at law; and on the termination of the partition, the heir became a tenant in common of an undivided moiety; the right of the husband to curtesy being dependent upon a seisin in fact by the wife during coverture, and the right of the heir being dependent upon no such condition, a seisin in law being sufficient, it is plain how the heir at law could, after the death of George, recover the *undivided half of the share* of the 300 acres partitioned to *Samuel* G. Green, and the plaintiff, as her husband, not be entitled to maintain a recovery for curtesy in said portion.

The interest of the heir and the tenant by the curtesy are not identical, but hostile; they claim by several and distinct titles, and different estates; there is between them no unity of interest, no unity of title, no unity as to the commencement of title, and no unity of possession; one claims an absolute fee in possession, the other an absolute estate for life in possession; so that a tenancy by the curtesy cannot be builded upon the estate of the heir.

The heir may inherit and recover the possession of much that a husband cannot obtain curtesy in. The husband can only have his curtesy in the lands of which the wife was seised in fact during coverture; and he must recover upon the strength of his own case, and not upon the success of the heir. Therefore, the defendants in this case are not estopped by the judgment in favor of the heir against *Samuel* G. Green, from asserting that the plaintiff's wife was not seised in fact of the premises in question during coverture.

But conceding that the plaintiff had, on the death of his wife, an estate for life in the premises in question, as tenant by the curtesy, it was barred by lapse of time when this action was commenced; and this, too, whether we date from the death of his wife, or from the death of *George*, as the period for the termination of the partition and the

commencement of the running of the statute. In one case thirty-one years expired before the commencement of this action, and in the other, twenty-four years. As to the plaintiff, the title acquired by *Samuel* G. Green has never been impeached; as against the plaintiff, *Samuel* G. Green, and those claiming under him, hold the whole of that interest adversely; and when this action was commenced it was too late to attack that title.

Again; the plaintiff's wife and *Samuel* G. Green, for all the purposes of this action, were tenants in common of the 300 acre farm; they made a partition, as between themselves, and took separate possessions; that separate possession continued until the wife's death, and was acquiesced in, and occupied under, by the husband, as tenant by the curtesy, and as and for his curtesy for thirty years, until 1862, when he released and conveyed the same, for a valuable consideration, and delivered possession thereof. He is therefore estopped from claiming his curtesy in the premises in question. By his action he elected to take his curtesy out of the portion of the estate accepted by his wife as her share; and having by his own election received the entire rents and profits of all his wife's interest in the estate, he cannot repudiate the division, or his acts, and claim the rents and profits of an undivided half of the other moiety. If allowed so to do, he would thus obtain, as tenant by the curtesy, the rents and profits of three-fourths of an estate in which his wife had a legal title only to one-half.

I do not deem it necessary, in the view I have taken of this case, to examine the grounds on which the case of *Tweedy* v. *Green* was put by this court, when that case was before it, because I do not see as it would make any difference in this case whether Mrs. Tweedy did, or did not, take an absolute estate in fee in the share of *George* Green, on his death, under the executory devise of *Henry* Green.

There is no principle of law or equity on which this action can be sustained. The law seems to be clearly against the plaintiff's right of action, and the effort to recover is clearly inequitable and unjust.

The judgment should be affirmed.

[SCHENECTADY GENERAL TERM, April 5, 1870. *Rosekrans, Potter, Bockes* and *James,* Justices.]