BYRON GIBBS AND FLORENCE A. SHERWOOD, RESPONDENTS, *v.* EDWARD S. ESTY AND FRANK MINEAH, APPELLANTS, IMPLEADED WITH BARZILLA GIBBS.

*Dower---may be assigned to widow by parol agreement, followed by her occupation —her entry defeats seizin of heirs—wife must be seized in fact, to give husband rights as a tenant by the curtesy.*

On March 5, 1857, one Garrett S. Gibbs died seized of certain real estate, leaving him surviving a widow, six children and one grandchild. After his death the widow occupied the homestead building and farm, until 1860, when the farm was surveyed by the heirs and persons interested

therein, and the homestead building, together with sixty-six acres adjoining it, were set off and assigned to the widow as her dower, from and after which time she occupied and had the exclusive possession of the said buildings and sixty-six acres, down to the time of her death in April, 1870. In November, 1857, one of the heirs conveyed his interest in the real estate to the wife of one of the children, Elias T. Gibbs. Said wife died in 1866, leaving her husband and three children her surviving.

In an action by two of these children to recover their interest in the land from the defendants, to whom it had been conveyed by their father in 1875,

*Held*, that the setting off of the land to the widow, with the consent and by the agreement of all the parties interested therein, and her actual occupation under and pursuant thereto, was a legal and valid assignment of it to her, as her dower.

That, thereafter, the seizin of the heirs and of those claiming under them was defeated *ab initio*, and that the dowress was in of the seizin of her husband as of the time when that seizin was first acquired.

That the wife of Elias T. Gibbs was never seized, in fact, of the premises, and that consequently her husband had no right therein, as tenant by the curtesy, and nothing passed to the defendants by his conveyance to them.

APPEAL by the defendants from a judgment in favor of the plaintiffs, entered upon the decision of the court after a trial without a jury. The action was in ejectment, to recover two-thirds of an undivided seventh interest in about sixty-six acres of land.

On March 5, 1857, Garrett G. Gibbs, the grandfather of the plaintiffs, died intestate, seized in fee and possessed of a farm of about two hundred acres, situate in Lansing, Tompkins county, New York, of which the one hundred and thirty-two acres described in the complaint formed the westerly part. He left him surviving his widow, Nancy Gibbs, and six children and one grandchild, Henry G. Webster, the son of a deceased daughter, Louisa. Elias T. Gibbs was one of the children, and is still living. He is the father of the two plaintiffs and the defendant, Barzilla Gibbs, by his wife, Sarah L. Gibbs. These three were their only children. On November 23, 1857, the said Henry G. Webster quit-claimed all his interest in the said real estate to the said Sarah L. Gibbs. In April, 1860, the heirs-at-law, and all persons interested in the matter, met and agreed upon a division among themselves of the lands, after first assigning to the widow, for her dower, the north half of the one hundred and thirty-two acres, including the homestead buildings.

The remainder they quit-claimed to each other in several parcels. The widow, from the death of her husband to the division in 1860, occupied the homestead buildings in connection with the whole farm, and thereafter she continued to occupy said buildings, and the sixty-six acres assigned to her as her dower, and had the exclusive possession and enjoyment thereof as her dower continuously until her death. Sarah L. Gibbs died intestate, November 2, 1866, and Nancy Gibbs, the widow, died in April, 1870. After his wife's death, and after the death of the widow, Elias T. Gibbs (in 1875) sold by warranty deed the one hundred and thirty-two acres (including the widow's dower of sixty-six acres) to the Willey's, and they, in the following year, in like manner, sold to the defendant Esty. The sixty-six acres was always treated and described by the heirs and the widow, and particularly by Elias T. Gibbs, as the widow's rightful dower.

The only defense insisted on by the defendants on the trial was that Elias T. Gibbs had a right as tenant by the curtesy to his wife Sarah L.'s interest in said sixty-six acres, which was an undivided seventh, and which descended at her death to her three children, the plaintiffs, and the defendant, Barzilla Gibbs.

*P. G. Ellsworth*, for the appellants.

*Smith Brothers*, for the respondents.

BOCKES, J.:

The only question in this case is whether Sarah L. Gibbs became and was so seized of the one undivided seventh part of the lands set off and assigned to Mrs. Nancy Gibbs, as and for her dower, as to entitle Elias T. Gibbs, the husband of the former, to claim and hold, after his wife's decease, as tenant by curtesy. The court at Special Term held against the defendant on this question. It was there decided, and we think correctly decided, that Sarah L. Gibbs had not, at any time during her life, such an actual seizin in fact and in deed, of the premises in controversy, as entitled her husband, on her decease, to hold the same as tenant by the curtesy. It is well found that Nancy Gibbs had the actual, sole, and exclusive

possession of the sixty-six acres, and the entire benefits thereof, continuously, from and after her husband's decease until her death, which occurred after the decease of Sarah L., and that she held and occupied the sixty-six acres from and after the time they were set off to her in April, 1860, as and for her rightful dower. During all the time after the death of Garrett G. Gibbs until the decease of his widow, neither Sarah nor her grantor, Webster, had more than a seizure in law. The setting off of dower to Nancy, with the consent and by the agreement of all parties interested in the matter, and her actual occupation under and pursuant thereto, until her decease, was legal and valid as an assignment of dower. Such is the effect of the decision in *Fowler* v. *Griffin* (3 Sandf., 385). It was there held that an assignment of dower other than by a proceeding under the statute, became valid and obligatory upon the heirs, by the widow's entry upon the lands assigned, and by the adoption and ratification on their part of the assignment. So, too, it was held in *Rutherford* v. *Graham* (4 Hun, 796), that the right of dower was given by law, and that assignment of it might be made voluntarily by the heirs and widow; that this was but a mode of fixing the location and extent. (See also *Conant* v. *Little*, 1 Pick., 189; and *Shattuck* v. *Gragg*, 23 Id., 88.) A parol partition by tenants in common will be valid and obligatory upon the parties, where followed by exclusive possession and acts of ownership by each tenant respectively. (*Wood* v. *Fleet*, 36 N. Y., 499; *Otis* v. *Cusack*, 43 Barb., 546.) The widow was in actual possession of the whole from the decease of her husband until her dower was assigned; and after that time, of the premises in controversy as her rightful dower. After the assignment, the seizin of the heirs and of those claiming under them was defeated *ab initio;* and the dowress was in of the seizin of her husband, as of the time when that seizin was first acquired. (*Lawrence* v. *Miller*, 2 N. Y., 245; *Graham* v. *Luddington*, 19 Hun, 246; *Lawrence* v. *Brown*, 5 N. Y., 394.) In this last case it was held that the dowress, after assignment of dower to her, was in possession as of the seizin of her husband; and that her title related back to the time when her husband became seized.

It follows, therefore, that Sarah L. Gibbs was never seized in fact

of the premises in controversy; consequently her husband had no right by curtesy. (See also *Ferguson* v. *Tweedy*, 56 Barb., 168; affi'd in Court of Appeals, 43 N. Y., 543.) We find nothing in the cases cited by the appellant's counsel against this conclusion. The case of *Adair* v. *Lott* (3 Hill, 182), differs from this in hand on the facts, hence is not in point.

The judgment must be affirmed, with costs.

LEARNED, P. J., and FOLLETT, J., concurred.

Judgment affirmed, with costs.