## In re TRAYMORE SHOE SHOPS, Inc.

(District Court, S. D. New York.   August 9, 1923.)

**1. Fraudulent conveyances ⊕⇒47—Chattel mortgage violating bulk mortgage statute in part void in entirety.**

A mortgage on fixtures and merchandise, which is invalid as to the merchandise covered because of failure to comply with Lien Law N. Y. § 230-a, rendering void mortgages on stocks of merchandise or merchandise and fixtures unless mortgagor makes a full inventory and mortgagee notifies each of mortgagors' creditors, is invalid as a whole.

**2. Bankruptcy ⊕⇒287(3)—Bankruptcy court may reform chattel mortgage to conform to intention.**

A bankruptcy court, being a court of equity, may reform a chattel mortgage covering fixtures and merchandise, if convinced the provisions applying to merchandise, which would render the mortgage void, were due to a mutual mistake of fact.

**3. Reformation of Instruments ⊕⇒43—Claimant held not to sustain burden of proving that mortgage did not express intent of parties.**

Claimant, seeking reformation in bankruptcy proceedings, *held* not to sustain the burden of proving that a mortgage purporting to cover fixtures and merchandise did not express the intent of the parties, notwithstanding some evidence that only the fixtures were intended to be included.

In Bankruptcy.   In the matter of the Traymore Shoe Shops, Inc., bankrupt.   On motion to confirm the referee's report.   Motion granted.

The following is the opinion of Olney, Referee:

On January 26, 1923, Lena Braaf (hereinafter called the claimant), loaned the bankrupt $5,000, and the bankrupt executed to claimant a chattel mortgage covering "all the store fixtures, floor cases, wall shelving, cash register, chairs, carpets, and all stocks of merchandise, consisting of shoes and footware, now in the premises, and all other goods and chattels mentioned in the schedule hereunto annexed, and now in the premises 256 East Fordham road, in the borough of the Bronx, city of New York." The schedule annexed was as follows: "Wooden wall shelves; 24 wooden chairs; one (1) National; twenty-four (24) shoe stands; carpet on floor; all merchandise, stock and fixtures now in premises of store 256 East Fordham Road, Bronx, N. Y. C." The mortgage was duly recorded, as was a certificate of the consent of the holders of more than two-thirds of the stock of the bankrupt.

A petition in bankruptcy was filed against the bankrupt on or about the 5th day of April, 1923. There was paid to Lena Braaf the sum of $500 in part payment of her loan. Pursuant to order of the court, the assets were sold, the lien, if any, to attach to the proceeds. The said order by which this matter was referred to me provided that the lien of said mortgage, in so far as it relates to fixtures, shall attach to the proceeds of sale to the sum of $800.

[1] The receiver contends that the mortgage was invalid in that it does not comply with section 230-a of the Lien Law of the state of New York (B., C. & G. Consol. Laws of New York, c. 33, 1921 Supp.). There was no proof taken that any of the provisions of said section 230-a were complied with. Claimant contends that, even if the mortgage be void as a mortgage on the merchandise, the provisions of section 230-a of the Lien Law should not be held applicable, in so far as it purports to be a mortgage on the fixtures. It is my opinion that section 230-a cannot be so interpreted, but that the mortgage to be valid must be so as a whole. I have found no decisions interpreting section 230-a, but this interpretation is, in my opinion, in line with the decisions under section 44 of the Personal Property Law, known as the Bulk

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Sales Act (Consol. Laws N. Y. c. 41), which contains somewhat analogous provisions. See Heilmann v. Powelson, 101 Misc. Rep. 230, 167 N. Y. Supp. 662.

[2, 3] Claimant further contends that the chattel mortgage, though on its face purporting to cover merchandise, was not intended by claimant or bankrupt to cover merchandise. I received evidence on this issue, over the objection of the receiver, on the theory that a bankruptcy court, being a court of equity, would reform the instrument, if convinced the provisions thereof applying to merchandise were due to a mutual mistake of fact. All the witnesses who gave testimony on this issue, including the attorney who prepared the instrument, swore that the parties did not intend that the mortgage should cover merchandise. On the other hand, giving due weight to such evidence as was adduced of the value of the fixtures, and the testimony to the effect that during the negotiations leading up to the execution of the mortgage claimant, through her attorney, took the position that the fixtures alone were inadequate security, and insisted that the bankrupt's lease, no evidence as to the value of which was offered, should be assigned to claimant, it appears exceedingly improbable that the intention of the parties as to whether the mortgage should cover the merchandise was other than is clearly expressed in the mortgage. The minutes of the meeting of the bankrupt's stockholders and directors and the consent signed by its stockholders are of very little, if any, assistance in this connection, for, while the stockholders at their meeting authorized a chattel mortgage on "fixtures," nothing being said about chattels or merchandise, the directors at their meeting authorized a chattel mortgage on "fixtures and chattels," and the stockholders in their consent consented to a mortgage on "chattels and fixtures." Chattels certainly could be construed as including merchandise. After carefully considering all the testimony, I have come to the conclusion that claimant has not sustained the burden of proof that the mortgage did not express the intent of the parties.

I accordingly find that claimant has no lien upon the proceeds of sale of said merchandise or said fixtures.

Lesser Bros., of New York City (Hilbert I. Trachman, of New York City, of counsel), for trustee.

Max Rockmore, of New York City, for claimant.

GODDARD, District Judge. Ordered that the above report be and the same hereby is in all respects confirmed.

---

### In re HAMMER.

(District Court, E. D. New York. June 3, 1924.)

**1. Patents �köw114—Commissioner of Patents necessary party to suit to compel issuance of patent, in absence of other opposing party.**

Where there is no opposing party, Commissioner of Patents is a necessary party to a suit, under Rev. St. § 4915 (Comp. St. § 9460), to compel issuance of a patent.

**2. Equity �köw90, 119—Parties and issuance of process necessary in plenary suit.**

A plenary suit in equity requires parties and issuance of process.

In Equity. Suit by Peter Hammer to procure the issuance of a patent under Rev. St. § 4915 (Comp. St. § 9460). On motion of the Commissioner of Patents to dismiss the bill of complaint. Motion granted.

Hauff & Warland, of New York City (William E. Warland, of New York City, of counsel), for petitioner.

⊙══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes