## In re MILLER.

(District Court, W. D. Washington, N. D. October 5, 1923.)

No. 6935.

Bankruptcy ⊕184(1)—Mortgage of described machines and tools in automobile repair shop held valid, though including "stock in trade."

A chattel mortgage given by bankrupt, whose business was recited to be conducting an automobile repair workshop, on all the personal property therein, including machines and tools described, and also his "stock in trade," *held* valid and enforceable under the law of Washington as to the articles specifically described; the inclusion of the stock in trade being merely an incident.

In Bankruptcy. In the matter of Cyrus A. Miller, bankrupt. On review of order of referee sustaining chattel mortgage. Affirmed.

C. A. Miller, of 121 First street, Auburn, "by occupation, auto repairs, tires, renewals," mortgaged to another "all that certain personal property,

⊕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

* * * to wit, all the plant tools, tackle, stock in trade, and machines, with shafting, pulleys, etc., including one Ewebell section mold, two trading molds, one Shelver vulcanizer, one Century two horse power electric motor, one air compressor, and one tire spreader, all contained in workshop operated at 121 First street, Auburn." Thereafter the mortgagor was adjudicated bankrupt. The trustee challenges the validity of the mortgage, and declares it void because made on a *shifting stock* of goods, of which the mortgagor remained in possession, with no provision in the mortgage or outside agreement for the application of the proceeds of sale. The referee sustained the mortgage as a valid and enforceable lien upon the property specifically described. The mortgagee waived all claim of lien on the merchandise. The property, except the *stock in trade*, was sold by the trustee by agreement of interested parties for $220, said sum to stand in lieu of the property. The trustee brings the matter before the court for review.

Nelson R. Anderson, of Seattle, Wash., for trustee.

McClure & McClure, of Seattle, Wash., for mortgagee.

NETERER, District Judge (after stating the facts as above). The Supreme Court of Washington has from territorial days held a chattel mortgage upon a *shifting stock* void per se as to creditors, where the mortgagor remained in possession and no provision was made for the application of the proceeds of sale. See Miller v. Scarbrough, 108 Wash. 646, 185 Pac. 625. There is no testimony before the court as to the character of the *stock in trade*. If the stock in trade was a mere incident, and the primary purpose and business was a repair workshop, the mere incident of the *"stock in trade"* should not control, and defeat the mortgage lien upon the specifically described property. Upon the face of the mortgage the bsuiness of the mortgagor is shown as not that of exposing for and sale of a shifting *stock of merchandise*, but conducting an automobile repair workshop. The Supreme Court of Washington, in Hardin v. Seattle State Bank, 119 Wash. 169, at page 172, 205 Pac. 382, 384, said:

"We feel that our recording statute (Rem. Code, § 3662 [P. C. § 9761]), which makes every chattel mortgage duly filed and indexed 'full and sufficient notice to all the world,' * * * must be considered, * * * and * * * under the statute respondent had constructive notice, and cannot in law be said to be an innocent party."

And (119 Wash. at page 173, 205 Pac. 382, 384):

"When * * * a mortgage is given upon a specifically described article without any provision for its sale, * * * we are powerless to protect the unwary purchaser."

That decision determined the validity of a mortgage which specifically described automobiles which were exposed for sale in the show windows of the salesroom of the mortgagor. In this case the business was clearly that of "an automobile repair workshop," and in the absence of proof to the contrary the court must find that any stock of merchandise was a mere incident, and in view of the specific description of the tools and machinery in the workshop (Hardin v. Seattle Bank, supra), the mortgage lien should not be defeated on such property.

The decision of the referee is affirmed.