### In re LAUREATE CO., Inc.

### Petition of ORENSTEIN.

(Circuit Court of Appeals, Second Circuit. December 3, 1923.)

No. 93.

1. **Chattel mortgages ⟨⟩188(1)—Mortgage of stock of goods and fixtures held void as against creditors.**

A mortgage covering fixtures and merchandise used in the conduct of mortgagor's business, not complying with Lien Law N. Y. § 230-a, declaring void as against creditors mortgages on stocks of merchandise, unless mortgagor furnishes a cost inventory and a list of creditors, and mortgagee gives five days' notice to each creditor·of the intended mortgage, *held* void as against mortgagor's creditors.

2. **Bankruptcy ⟨⟩446—On petition to revise, only error of law can be corrected.**

On a petition to revise, the Circuit Court of Appeals can only correct an error of law.

3. **Bankruptcy ⟨⟩303(3)—Evidence warranted finding that mortgage covered "merchandise" pertaining to mortgagor's business.**

Where bankrupt's business was "advertising novelties, printing folding boxes, and selling calendars," but not in selling pictures until after they had been annexed to the calendars, a mortgage covering pictures not yet attached to calendars *held* to support a finding that the mortgage covered merchandise pertaining to the conduct of mortgagor's business; "merchandise" being anything movable customarily traded in by merchants.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Merchandise.]

Petition to Revise Order of the District Court of the United States for the Eastern District of New York.

In the matter of the Laureate Company, Inc., bankrupt. Petition by Paye Orenstein to revise an order of the District Court confirming the report of a special commissioner holding petitioner's chattel mortgage invalid. Petition denied, and order affirmed.

Jacob B. Lindner, of New York City, for petitioner.

Duberstein & Robbins, of New York City (Samuel C. Duberstein, of New York City, of counsel), for respondent.

Before ROGERS, MANTON, and MAYER, Circuit Judges.

ROGERS, Circuit Judge. The petitioner seeks to revise an order made by the District Court in a proceeding in bankruptcy, which order confirmed the report of a special commissioner holding a chattel mortgage invalid.

---

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] The petitioner held a chattel mortgage upon certain chattels and merchandise in the premises of the bankrupt. The property was sold by the receiver in bankruptcy, under a stipulation with the mortgagee that the proceeds of sale would be held by the receiver or trustee in a separate fund, to await the determination of the court as to the validity of the mortgage. Thereafter the mortgagee moved the court to compel the receiver or trustee to turn over the proceeds of sale. The mortgage was originally given to secure the sum of $7,964.49. The sum of $1,714.49 was paid off subsequently, which left a balance due of $6,250. The sale of the mortgage property netted only about $1,700.

The mortgage was given to Paye Orenstein on March 16, 1922, and was filed in the proper office within a day or so thereafter. It is admitted that Paye Orenstein was the mother-in-law of one Cohen, an officer and director in the bankrupt company, and that she never advanced any money to the company. The consideration for the mortgage proceeded from Cohen. The consideration therefor was an antecedent indebtedness of the company to Cohen in the amount of $3,400, and the balance was supposed to represent the value of Cohen's stock in the company, and which he turned back to the company at the time the mortgage was executed. Cohen was then holding 65 shares of the stock, which had a face value of $6,500, and his testimony was that he had paid that sum for the stock; so that the corporation, in taking over the stock, treated it as of the value of $4,460.-49. That sum, with the $3,500 of antecedent indebtedness, was the consideration for the mortgage.

It is claimed that the mortgage was void under section 230-a of the Lien Law of the state of New York (Consol. Laws, c. 33), which may be found in the margin.[1] The New York statute makes a distinction between mortgages of fixtures and mortgages of merchandise, or of merchandise and fixtures; and it is conceded that, if the mortgage had been given to cover fixtures only, it would not come within the section under consideration. But the mortgage clearly was not restricted to fixtures only, but included certain merchandise as well. Its language is that the party of the first part (the Laureate Company, the bankrupt herein) "does grant, bargain and sell unto the said party of the second part the job presses with motors attached and all other

[1] "Every mortgage or conveyance intended to operate as a mortgage upon a stock of merchandise in bulk or any part thereof, or upon merchandise and fixtures pertaining to the conduct of the business of the mortgagor, shall be void as against the creditors of the mortgagor, unless the mortgagor shall at least five days before the execution of such mortgage make a full and detailed inventory, showing the quantity and, so far as possible with the exercise of reasonable diligence, the cost price to the mortgagor of each article to be included in the mortgage; and unless the mortgagee demand and receive from the mortgagor a written list of names and addresses of the creditors of the mortgagor, due or owing to each and certified by the mortgagor under oath, to be a full, accurate and complete list of his creditors and of his indebtedness; and unless the mortgagee shall at least five days before the execution of such mortgage notify personally or by registered mail every creditor whose name and address is stated in such list, or of which he has knowledge, of the proposed mortgage and the terms and conditions thereof."

goods and chattels mentioned in the schedule hereunto annexed, * * *" And in the schedule annexed there appears among the chattels specified "130,000 pictures for calendars." This last specification is not to be regarded as included in the term "fixtures," and can be only regarded as merchandise pertaining to the conduct of the business of the mortgagor.

Cohen testified as follows concerning the calendar pictures:

"Q. Were these calendar pictures on hand at the time? A. Yes, sir.
"Q. What do you do with these pictures? A. Place them on calendars.
"Q. What was the business of the company? A. Advertising novelties and printing folding boxes.
"Q. Also in selling these calendars? A. Yes, sir."

[2] And the special commissioner has found that "these pictures were similar to those sold by the bankrupt company in the regular course of its business." He concluded: "They must necessarily be considered merchandise." The mortgage is one which relates, not to fixtures only, but to fixtures and merchandise, used in the conduct of the business. If that be true, there is no escape from the conclusion that section 230-a of the Lien Law of New York was applicable to the mortgage. The commissioner in his report, speaking of the goods covered by the mortgage, because mentioned in the schedule attached to the mortgage, says that there is included 130,000 pictures for calendars," and that "these pictures were similar to those sold by the bankrupt company in the regular course of its business." Whether that finding was true or not, it was a finding of fact which the District Court has confirmed, and with a finding of fact this court is not now concerned, inasmuch as on a petition to revise we can only correct an error of law. In re B. & R. Glove Corp. (C. C. A.) 279 Fed. 372.

[3] But it is said that the special commissioner is not authorized to make a finding of fact which is not based upon the evidence. In an affidavit submitted to the District Court in opposition to the motion to confirm the report of the special commissioner, the attorney for the mortgagee denied that the 130,000 pictures for calendars were merchandise dealt in by the bankrupt in the usual course of its business. He admitted that the business was "advertising novelties, printing folding boxes, and selling calendars," but not in selling these pictures. As we understand his meaning, it is that the bankrupt did not sell the pictures until after they had been affixed to the calendars, and that therefore they could not be regarded as merchandise dealt in by the bankrupt in the usual course of its business until they had been actually attached to the calendars. Whether these pictures, while they remained unattached to the calendars, constituted merchandise pertaining to the conduct of the business of the mortgagor, was a question of fact, and the evidence before the commissioner was ample for him, if he believed it, to conclude that the pictures, while unaffixed to the calendars, constituted merchandise pertaining to the business of the mortgagor. Merchandise is anything movable customarily traded in by merchants. These pictures, when they were purchased by the mortgagor, and before they were put upon the calendars, were just as much merchandise as they were after they were attached to the

calendars, and in buying them for the purpose the mortgagor purchased them they constituted merchandise pertaining to its business— as well before as after they were placed upon the calendars.

Now section 230-a declares a mortgage of this character void as against the creditors of the mortgagor unless the mortgagor, at least five days before the execution of the mortgage, makes "a full and detailed inventory," showing the quantity and cost price to the mortgagor of each article included in the mortgage, and gives to the mortgagee a written list of the names and addresses of the creditors and of his indebtedness to each, and unless the mortgagee at least five days before the execution of the mortgage notifies personally or by registered mail every creditor of the proposed mortgage of the terms and conditions thereof. This course, it appears, was not followed as respects this mortgage. It is therefore void as against the creditors of the mortgagor.

There are other objections raised to the validity of this mortgage, but, in view of the conclusion we have reached upon the objection already considered, it is not necessary at all for us to refer to them.

The petition to revise is denied, and the order of the District Court is affirmed.