ARISTO HOSIERY CO., INC. *vs.* JOHN D. RAMSBOTTOM *et al.*

JUNE 18, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

STEARNS, J.  This is a bill in equity brought by complainant, a New York corporation, against John D. Ramsbottom of Fall River, Mass., and Emma B. Greene, administratrix of the estate of Carrie B. Doyle who died in Providence, November 26, 1923.

The bill alleges that Mrs. Doyle, who carried on business as a merchant, while insolvent transferred her stock in trade November 25, 1923, to the respondent Ramsbottom, one of her creditors, by a chattel mortgage to secure an existing

indebtedness of $2,400. This mortgage was duly recorded by Ramsbottom. That Ramsbottom has filed a petition in the Municipal Court of Providence, praying that the personal estate may be sold, that his chattel mortgage may be recognized as a lien and that the indebtedness thus secured by mortgage may be paid by the administratrix in preference to the claims of the other general creditors.

The prayer of the bill is that the mortgage be declared to be fraudulent and void on the ground that it is in violation of C. 387, P. L. 1909 (now C. 311, G. L. 1923), for the reason that Ramsbottom did not demand and receive from Mrs. Doyle a list of her creditors and notify them of the proposed transfer.

Ramsbottom demurred to the bill on the ground that the statute has no application to said chattel mortgage. The demurrer was sustained in the Superior Court and the bill of complaint was dismissed.

The cause is here on the appeal of the complainant.

The precise question thus raised is, Does a chattel mortgage upon the major part in value of a stock of merchandise given as security for an antecedent debt come under the provisions of the "Sales in Bulk Act," C. 311, so that it is void because of the failure of the mortgagee to demand and receive a list of the mortgagor's creditors and give to them notice, either personally or by mail, of the mortgage?

Section 1 provides that the transfer of the major part in value or the whole of a stock of merchandise, otherwise than in the ordinary course of trade and in the usual prosecution of the transferrer's business, shall be fraudulent and void against the creditors of the transferrer at the time of the transfer, unless the transferee demands and receives from the transferrer a written list of the names and addresses of the creditors of the transferrer and certified by him, under oath, to be, to the best of his knowledge and belief, a full, accurate, and complete list of his creditors; and unless the transferee shall at least five days before such transfer, notify personally or by registered mail every such listed creditor.

Sec. 2 provides that transfers shall include sales, exchanges and assignments; but such transfers shall not include assignments for the benefit of creditors, or sales, transfers, or assignments by executors, administrators, guardians, receivers, assignees for the benefit of creditors, trustees in bankruptcy, or by any public officer under judicial process. In *Glantz* v. *Gardiner*, 40 R. I. 297, this court in construing this statute said: (p. 303) "In order to guard against the commission of actual fraud in the class of sales with which it (the act) deals, the law regulates them by requiring the performance of certain acts in the carrying out of such a sale and declares that the failure to perform these acts will render the transaction fraudulent in law." . . . "Without any regard to the solvency of the vendor, or the fairness of the purchase price to be paid, or the good faith of the vendor and vendee, and, although the transaction may not be fraudulent in fact, it will be fraudulent and void in law so far as the vendor's creditors are concerned unless the vendee or transferee does the things required of him by the provisions of the statute." The statute is unusual in its nature. The validity of a sale or transfer of merchandise in bulk is determined by the performance or nonperformance by one of the parties only, the transferee, of certain formal acts. In view of the stringent nature of the act, it is reasonable to infer that the legislature did not intend to extend its operation to any transaction which is not clearly and fairly included in the terms of the act.

The original act (C. 387, passed in 1909) was entitled, "An Act to Prohibit Sales of Merchandise in Bulk in Fraud of Creditors." In the last revision of the statutes (1923), the title of the act is "Of Sales of Merchandise in Bulk in Fraud of Creditors." As stated in the *Glantz* case, the evil which was sought to be cured by this act was the practice of merchants who are heavily in debt of making secret sales of their merchandise in bulk for the purpose of defrauding their creditors.

The "transfer" prohibited by Sec. 1, is by Sec. 2 expressly restricted in its meaning, and does not include all transfers. It is true that under the theory of chattel mortgages which has been adopted in this state the legal title to the property passes by mortgage given, with the right of redemption in the mortgagor. There is thus a limited transfer effected, but the substance of the transaction is not different from that in jurisdictions where the so-called "lien" theory of mortgage prevails. Under either the "title" or "lien" theory, a mortgage is the giving of security and is not an absolute and unconditional transfer of property, and it is generally held under similar statutes in other jurisdictions that chattel mortgages are not included in "sales in bulk" acts. See *Wasserman* v. *McDonnell*, 190 Mass. 326; *Farrow* v. *Farrow*, 136 Ark. 140; *Hannah & Hogg* v. *Richter Brewing Co.*, 149 Mich. 220; *Des Moines Packing Co.* v. *Uncaphor*, 174 Ia. 39; *Noble* v. *Fort Smith Wholesale Grocery Co.*, 34 Okla. 662; *Avery & Sons* v. *Carter*, 18 Ga. App. 527. The statute is to be construed as a whole in view of the purpose of the act. So considered it is, we think, quite clear that a chattel mortgage is not such a transfer as the legislature intended to include in the act. The primary purpose of the act is, as expressed in the original title, to prohibit sales in bulk in fraud of creditors; to make it difficult for a business man by an absolute and unconditional conveyance to dispose of the greater part of his stock in trade and to receive himself payment therefor. The creditors thus have additional protection to that before given by G. L. 1923, C. 297, s. 1, relating to conveyances in fraud of creditors.

The appeal is denied; the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Edward C. Stiness, Daniel H. Morrissey, Francis J. O'Brien*, for complainant.

*William H. Edwards, Edwards & Angell*, for respondent Ramsbottom.

*George F. McCanna, Lee & McCanna*, for administratrix estate Carrie B. Doyle.