### ARBURY v. KOCHER et al.

District Court, W. D. New York. February 3, 1927.

**1. Chattel mortgages ⬥188(1)—Under New York law, chattel mortgage permitting mortgagor to sell any part of mortgaged property without accounting is fraudulent and void in entirety (Lien Law N. Y. § 230-a; Personal Property Law N. Y. § 45).**

Under Lien Law N. Y. (Consol. Laws, c. 33) § 230-a, and Personal Property Law N. Y. (Consol. Laws, c. 41) §. 45, a chattel mortgage, which permits mortgagor to sell all or any part of the mortgaged property without accounting, imputes fraud, and is void in its entirety.

**2. Chattel mortgages ⬥188(1)—Parties' good faith and securing of purchase price held not to validate mortgage, made presumptively fraudulent and void by law of state (Lien Law N. Y. § 230-a; Personal Property Law N. Y. § 45).**

Where under Lien Law N. Y. (Consol. Laws, c. 33) § 230-a, and Personal Property Law N. Y. (Consol. Laws, c. 41) § 45, a chattel mortgage which permits the mortgagor to sell a part of the mortgaged property without accounting is presumptively fraudulent and void; neither the actual good faith of the parties nor the fact that the mortgage secured the purchase price of the mortgaged property is material, nor can a differentiation be made between the rights of present and subsequent creditors.

**3. Bankruptcy ⬥184(3)—Voluntary surrender by bankrupt before bankruptcy of property to holder of invalid mortgage held not to convey title as against creditors.**

A chattel mortgagee of bankrupt, by a mortgage invalid under the law of the state, did not acquire title to the property, as against creditors of bankrupt, by voluntary surrender of possession by bankrupt· before bankruptcy.

In Equity. Suit by Ward Arbury, trustee in bankruptcy of Jennie W. Rath, against

Etta F. Kocher and another. Decree for plaintiff.

Falk, Phillips & Schlenker, of Buffalo, N. Y. (F. R. Twelvetrees, of Buffalo, N. Y., of counsel), for plaintiff.

Hull & Hammond, of Buffalo, N. Y. (Philip Halpern, of Buffalo, N. Y., of counsel), for defendants.

HAZEL, District Judge. This is an action in equity to set aside, as void, a chattel mortgage executed by the bankrupt to defendant Kocher. The material facts show that on January 14, 1924, defendant Etta F. Kocher, owner of a restaurant, bakery, and delicatessen store, agreed with the bankrupt, Jennie W. Rath, to sell her business, good will, equipment, and supplies on hand for $30,000, on terms of $5,000 to be paid on or before the delivery of a bill of sale, and the balance in monthly installments of $400, to be secured by promissory notes and a chattel mortgage covering the property sold, together with a lease of the premises, which, as the proof shows, on default, was to revert to Mrs. Kocher. The supplies were valued at approximately $2,000. Possession was given under the arrangement on January 20th. On May 27th the bill of sale (Plaintiff's Exhibit 6), which included the business, fixtures, stock, and supplies on hand, was executed and delivered; the bankrupt then giving a chattel mortgage (Plaintiff's Exhibit 2) on all the property sold. Both instruments were duly filed in the Erie county clerk's office. The chattel mortgage, though covering all the vendable supplies and stock on hand, reserved to the mortgagor the right to sell the same from time to time in the ordinary course of business. It contained no provision for accounting, or applying the proceeds of sale on the mortgage, or an inventory.

At the time of the delivery of the chattel mortgage the mortgagor owed various creditors, aggregating $500 or $600. No list of creditors was delivered to the mortgagee, and no notice of the lien was posted, as required by section 45 of the Personal Property Law (Consol. Laws, c. 41). Whether existing creditors were afterwards paid does not appear. The installment notes, amounting to $2,400, were paid, but the note maturing in December, 1924, was defaulted; the balance unpaid being $22,600. On December 22, 1924, the mortgagee, with the consent of the mortgagor, repossessed herself of the incumbered property, but the stock of supplies on hand was then of little value. A short time before December 30th a City Court marshal levied upon the goods and chattels under a judgment against the mortgagor, and thereafter sold same subject to the mortgage lien, to defendant Kennedy, who, plaintiff claims, acted for and on account of the mortgagee.

On December 31, 1924, Mrs. Rath was adjudicated an involuntary bankrupt. A trustee was elected, and foreclosure of the chattel mortgage and disposition of the chattels by Mrs. Kennedy was enjoined. Unsecured debts of the bankrupt, as scheduled, amounted to $7,369. There is scarcely anything on hand for distribution to the creditors, and this chose in action is practically the only asset.

[1] The trustee in bankruptcy contends that the chattel mortgage was void as to creditors because of failure to comply with section 230-a of the Lien Law of this state (Consol. Laws, c. 33), and specifically because of the consent, included in the chattel mortgage, that the stock and supplies might be sold by the mortgagor in the ordinary course of business without accounting, and also because notice of the lien was not posted as required by section 45 of the Personal Property Law.

Defendants, in opposition, urge that the invalidity of the chattel mortgage must, in any event, be limited to the stock and supplies only, but not as to the described fixtures and equipment. It cannot be safely disputed that, under the laws of this state, a reservation in a chattel mortgage conferring the right upon the mortgagor to dispose of the included property, or a part thereof, without applying the proceeds on the debt, imputes fraud and is void. Brackett v. Harvey, 91 N. Y. 214; Skilton v. Codington, 185 N. Y. 80, 77 N. E. 790, 113 Am. St. Rep. 885, and cases cited. Such an arrangement implies that the mortgagor intends a continuance of the business with the object of misleading his creditors—creditors who were such while the chattels remained in the custody of the mortgagor under the agreement—and concealing his true financial condition.

An early case bearing upon this question is Russell v. Winne, 37 N. Y. 597, 97 Am. Dec. 755, wherein the chattel mortgage contained a clause permitting the mortgagor to sell the property for his own benefit, and it was ruled to be fraudulent and void, and that, if void in part, it is void in toto. Numerous adjudications have accepted this principle. See In re Leslie-Judge Co. (C. C. A.) 272 F. 886; In re Traymore (D. C.) 300 F. 245; In re Davis (D. C.) 155 F. 671; In re Noethen (D. C.) 195 F. 573. And in Brown v. Leo, 12 F.(2d) 350, Judge Learned Hand writing for the Circuit Court of Appeals, said:

"It has been the law of New York since 1837, at least, that a chattel mortgage, under which the mortgagor not only remains in possession, but is authorized to sell the goods and use the proceeds on his own behalf, is a fraud on creditors. Wood v. Lowry, 17 Wend. [N. Y.] 492. Just why this should be so we are not altogether clear. A person in possession of a stock of goods, from which he is free to sell as he pleases, may perhaps deceive creditors into supposing that they are unconditionally his. Again, it is possible to reason that this inference is stronger when he replenishes the stock, at least as to the substituted goods. But the last is not a necessary element in the fraud, and, as we shall show, the doctrine has nothing to do with ostensible ownership. Therefore it can rest only upon some supposed conceptual repugnancy between the mortgage and the reserved power, quite regardless of any evils which may result from their coupling."

The force of the cited authorities bearing upon this proposition is not overcome by the assertion that the inclusion of stock and supplies in the chattel mortgage in question was merely incidental to the business, and was not thereby rendered invalid as to the other described chattels. The evidence here, however, shows that the stock and supplies, at the time of the delivery of the mortgage, were of the approximate value of $2,000, and it is reasonable to infer that reliance was placed thereon by the parties as a fairly substantial part of the security, and, considering the character of the business, it cannot be regarded as merely incidental thereto.

The decision in Re Miller (D. C.) 296 F. 283, was rendered under the statute laws of the state of Washington. There the mortgaged stock amounted to $200.00, and the court was of opinion that, since the primary purpose of the business was to conduct an automobile repair shop, the reservation of sale of the stock in trade was merely an incident of the business, and accordingly the lien was held valid as against the machines and tools. The decision apparently was predicated upon the failure of the chattel mortgage to state that a shifting stock of merchandise was included. The facts in that relation were different from the case at bar.

Defendants also attach importance to Hammond v. Carthage (C. C. A.) 8 F.(2d) 35. There it was substantially held that a mortgage covering real estate and personal property was not invalid as to the real estate, because of a clause contained therein excluding raw materials acquired or taken from its lands, and permitting the mortgagor, prior to default, to sell the product and retain the proceeds. That decision was regarded in Brown v. Leo, supra, to have been practically overruled by the holding of the Supreme Court in Benedict v. Ratner, 268 U. S. 353, 45 S. Ct. 566, 69 L. Ed. 991.

[2] It is next urged that, since no actual fraud is shown, the chattel mortgage lien should not be held invalid as to the remaining fixtures and equipment. Upon this point it suffices to say that, in my opinion, the principle of Benedict v. Ratner, supra, and the ruling in Brown v. Leo, must be accepted as disposing of this contention. It must therefore be held that the coupled right to dispose of the stock and supplies, as agreed between the parties, without accounting for the proceeds, and as provided by section 230-a of the Lien Law and section 45 of the Personal Property Law as to creditors, was constructively fraudulent and void, and the asserted good faith of the parties cannot be considered.

The further contention that the lien cannot be held invalid, owing to the fact that it was given to secure the purchase price of the particular chattels, must also be overruled. No distinction is made in the adjudications between a purchase-money chattel mortgage and one that has been given to secure an ordinary debt. The chattel mortgages in Brackett v. Harvey and Skilton v. Codington, supra, were to secure the purchase price of the chattels described in the mortgage. Nor is the point substantial that there must be a differentiation between the rights of present creditors and those who became such following the making of the chattel mortgage. Stimson v. Wrigley, 86 N. Y. 336; Dutcher v. Swartwood, 15 Hun, 31; Mandeville v. Avery, 124 N. Y. 381, 26 N. E. 951, 21 Am. St. Rep. 678.

[3] It is further suggested that defendant Kocher has valid title to the chattels, since there was no seizure under the lien, but possession was taken, owing to a voluntary turning over of the chattels to her by the bankrupt. Whether it was a voluntary or involuntary surrender is unimportant, since in either case the trustee was empowered to challenge the validity of the transfer on behalf of the general creditors, including a creditor having a judgment against the bankrupt and levy on the chattels. It is evidenced that defendant Kennedy, in buying the property subject to the lien, acted as agent for Mrs. Kocher, the mortgagee, and must be deemed to have acquired only the rights possessed by the bankrupt. Neither defendant can in this manner be permitted to obtain a preference. Nor can

the defendant Kennedy, with knowledge of the lien, have any other interest in the property, even if it were conceded that she acted independently of her codefendant, than an interest in any surplus after paying the creditors of the bankrupt.

My conclusion is that the chattel mortgage executed and delivered by the bankrupt, Jennie W. Rath, to Etta F. Kocher, was void in whole as to the trustee in bankruptcy, acting for the creditors, and was valid as between the parties only.

Plaintiff is entitled to a decree, with costs, as demanded in the amended complaint.