## COHEN v. HODES et al.

### No. 5369.

District Court, E. D. New York.

Dec. 29, 1931.

Meyer Machlis, of New York City, for plaintiff.

Jacob Goebel, of Brooklyn, N. Y., for defendants.

GALSTON, District Judge.

The first cause of action seeks to set aside a chattel mortgage and notes alleged to be void, and for the recovery of a preference payment under section 60b of the Bankruptcy Act (11 USCA § 96 (b).

On July 22, 1929, the bankrupt executed and delivered to the defendant Hodes a chattel mortgage on the fixtures, stock, and merchandise pertaining to the business of the bankrupt. The mortgage was filed with the register of Queens county on August 2, 1929.

Section 230-a of the Lien Law of the State of New York (Consol. Laws, c. 33), relating to chattel mortgages affecting a stock of merchandise in bulk or merchandise and fixtures pertaining to the conduct of the business of the mortgagor, requires that the mortgagor, at least five days before the

execution of the mortgage, make a full and detailed inventory showing the quantity, and so far as possible the cost price to the mortgagor, of each article included in the mortgage; and that the mortgagee, at least five days before the execution of the mortgage, give notice to every creditor of the mortgagor of the proposed mortgage, the terms and conditions thereof.

The provisions of the section were not complied with by the parties to the mortgage, and accordingly the mortgage is void as against the creditors of the mortgagor.

■ There is proof that of the present creditors of the bankrupt there are at least two who were creditors at the time the mortgage was executed and delivered, and that these creditors have remained creditors ever since. As to them the mortgage is void; and since the trustee in bankruptcy properly represents them as well as all other creditors he is qualified to bring this action to set aside the mortgage.

Certainly one may infer as much from In re Laureate Co., Inc. (C. C. A.) 294 F. 668. See, also, Schainman v. Dean (C. C. A.) 24 F.(2d) 475. Moreover, title 11, § 110 (e), U. S. C. (11 USCA § 110 (e), invests the trustee with all rights of action which any creditor of the bankrupt might have had, to avoid any transfer by the bankrupt of his property which *any* creditor of the bankrupt might have avoided.

Accordingly, plaintiff is entitled to a decree under the first cause of action.

■ The second, third, fourth, and fifth causes of action are brought under article 10 of the Debtor and Creditor Law of the State of New York (Consol. Laws, c. 12, § 270 et seq.). Sections 273 and 274 of the act are as follows:

"§ 273. Conveyances by insolvent. Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration.

"§ 274. Conveyances by persons in business. Every conveyance made without fair consideration when the person making it is engaged or is about to engage in a business or transaction for which the property remaining in his hands after the conveyance is an unreasonably small capital, is fraudulent as to creditors and as to other persons who become creditors during the continuance of such business or transaction without regard to his actual intent."

There is no proof that at the time of making the mortgage the bankrupt was insolvent or that he was rendered insolvent by the execution of the mortgage. Accordingly, the second cause of action cannot be sustained.

There is no proof that the property which remained in the chattel mortgagor's hands after the conveyance was an unreasonably small capital; and accordingly the third cause of action is not sustained.

For the same reasons the fourth cause of action fails.

As to the fifth cause of action, there is no proof that at the time the chattel mortgage was executed Ordman intended to hinder, delay, and defraud his existing and future creditors; and accordingly that cause of action must fail.

■ As to the sixth cause of action, it alleges that four months before the filing of the petition in bankruptcy the bankrupt permitted a judgment to be entered against him by the defendants on the 13th day of March, 1930, in the sum of $2,098.37, and that the effect of the judgment was to enable the defendants to obtain a greater percentage of their debt than any other creditor of the same class. In view of the fact that the chattel mortgage herein is held to be void, the judgment creditor in the action of Adcole Co., Inc., v. Ordman did obtain a preference within the four months' period, which enabled it to secure a greater percentage of its debt than any other creditor of the same class. Plaintiff is, therefore, entitled to a decree under the sixth cause of action.

Submit decree on notice.

If this opinion is not in sufficient compliance with the rule requiring findings of fact and conclusions of law, submit findings of fact and conclusions of law in accordance therewith.