HARRY ATAMIAN, on Behalf of Himself and All Other Creditors of SAM ABOIAN, Plaintiff, *v.* ETHEL A. O'LEARY and Others, Defendants.

Supreme Court, Niagara County, March 18, 1935.

*Hovey & Kushner* [*Abraham Kushner* of counsel], for the plaintiff.

*Tuttle, Rice, Stockwell & Rice* [*Robert L. Rice* of counsel], for the defendants.

HORTON, J.   This is an action by a judgment creditor of the chattel mortgagor Aboian to have the mortgage declared void and a receiver appointed and to enjoin sale of the fixtures by the mortgagees O'Leary and Zenner.   The mortgage here was given upon fixtures of a restaurant in discharge of a levy upon execution issued upon a judgment for rent and was duly filed in accordance with sections 230 and 232 of the Lien Law.   The plaintiff claims that the mortgage is void because defendants failed to give notice to Aboian's creditors and otherwise to comply with section 44 of the Personal Property Law, commonly known as the Bulk Sales Law.

The court is of the opinion that this transaction is covered by the Lien Law and does not come within the Bulk Sales Law.   A mortgage is not a " sale, transfer or assignment " within the common sense or legal meaning of the terms.   A mortgage is primarily an instrument of security.   While in theory it effects a transfer of the legal title, it is not an absolute and unconditional transfer. The court will not extend the statute by strained interpretation to include mortgages.   The Lien Law, section 230-a, treats of mortgages in this respect.

No case has been cited and the court finds none in New York upon this point.   However, the decided weight of authority is to the effect that the giving of a chattel mortgage upon a stock of fixtures for a *bona fide* debt does not constitute a sale, transfer or assignment in violation of the Bulk Sales Law.   (See *Wasserman* v. *McDonnell*, 190 Mass. 326; 76 N. E. 959; *Aristo Hosiery Co., Inc.*, v. *Ramsbottom*, 46 R. I. 505; 129 A. 503; *Des Moines Packing Co.* v. *Uncaphor*, 174 Iowa, 39; 156 N. W. 171; *Avery & Sons* v. *Carter*, 18 Ga. App. 527; 89 S. E. 1051; *Farrow* v. *Farrow*, 136 Ark. 140; 206 S. W. 134.)   The cases above cited are from States where the legal effect of a chattel mortgage is the same as in New York, to wit, a present transfer of the legal title of the property mortgaged subject to be defeated upon payment of the sum it was given to secure.

The transaction is regulated by the Lien Law and certainly where it is not found to be a mere cover for a sale in violation of the Bulk Sales Law, it cannot be attacked under such law so long as the provisions of the Lien Law are complied with.   The defendants complied with the Lien Law, and no claim of bad faith is made

here. Section 230-a requires notice to creditors similar to the notice demanded by the Personal Property Law, section 44, in case of " a mortgage upon a stock of merchandise in bulk or any part thereof, or upon merchandise and fixtures." However, this section does not extend to a mortgage on fixtures alone, separate and apart from merchandise. (*Matter of Henningsen*, 297 Fed. 821 [1924].) A like ruling was had under Personal Property Law, section 44, which before amendment in 1934 was phrased in language similar to that above quoted. (*Heilmann* v. *Powelson*, 101 Misc. 230, 231 [1917]; *Delbon* v. *Krautwald*, 169 N. Y. Supp. 610 [1918]; *Saqui* v. *Wiricks*, 167 id. 661 [1917].) The Personal Property Law, section 44, as amended, now expressly includes a sale of fixtures alone, but section 230-a of the Lien Law has not been so changed as to a mortgage. Since this was a mortgage upon fixtures alone, the notice was unnecessary.

Judgment may be entered dismissing the complaint, with costs.