**In re ROSOM UTILITIES, Inc.**

**No. 33858.**

United States District Court, E. D. New York.

Nov. 15, 1938.

Groberg & Groberg, of Brooklyn, N.Y., for claimant Wholesale Radio Equipment Co.

George J. Beldock, of New York City, for trustee.

MOSCOWITZ, District Judge.

This is an application seeking to review the order made by the Referee in charge of these proceedings denying the application of Wholesale Radio Equipment Company to reclaim from the Trustee 11 Stewart-Warner Radios and 2 Stewart-Warner Refrigerators covered by a purchase money chattel mortgage dated September 11, 1937.

Section 230-a of the Lien Law of the State of New York, Consol.Laws, c. 33, is as follows: "Every mortgage or conveyance intended to operate as a mortgage upon a stock of merchandise in bulk or any part thereof, or upon merchandise and fixtures pertaining to the conduct of the business of the mortgagor, shall be void as against the creditors of the mortgagor, unless the mortgagor shall at least

five days before the execution of such mortgage make a full and detailed inventory, showing the quantity and, so far as possible with the exercise of reasonable diligence, the cost price to the mortgagor of each article to be included in the mortgage; and unless the mortgagee demand and receive from the mortgagor a written list of names and addresses of the creditors of the mortgagor specifying the amount due or owing to each and certified by the mortgagor under oath to be a full, accurate and complete list of his creditors and of his indebtedness; and unless the mortgagee shall at least five days before the execution of such mortgage notify personally or by registered mail every creditor whose name and address is stated in such list, or of which he has knowledge, of the proposed mortgage and the terms and conditions thereof."

The sole question for consideration is, whether or not Section 230-a of the Lien Law of the State of New York applies to this purchase money chattel mortgage. The following cases have been cited by counsel: Utica Trust & Deposit Co. v. Decker, 244 N.Y. 340, 155 N.E. 665; Barrett Mfg. Co. v. Van Ronk, 212 N.Y. 90, 105 N.E. 811; Skilton v. Codington, 185 N.Y. 80, 77 N.E. 790, 113 Am.St.Rep. 885; In re Saraw, 2 Cir., 91 F.2d 957; In re Henningsen, 2 Cir., 297 F. 821; Wright v. Hart, 182 N.Y. 330, 75 N.E. 404, 2 L.R.A., N.S., 338, 3 Ann.Cas. 263; Klein v. Maravelas, 219 N.Y. 383, 114 N.E. 809, L.R.A. 1917E, 549, Ann.Cas.1917B, 273; In re United Traveling Goods Co., Inc., 2 Cir., 297 F. 823; In re Traymore Shoe Shops Inc., D.C., 300 F. 245; In re Laureate Co., Inc., 2 Cir., 294 F. 668; Cohen v. Hodes, D.C., 54 F.2d 680; In re Handerson, D. C., 3 F.Supp. 92; Atamian v. O'Leary, 154 Misc. 757, 278 N.Y.S. 218; Arbury v. Kocher, D.C., 18 F.2d 588; Brackett v. Harvey, 91 N.Y. 214; McHenry v. Heiderich, 134 Misc. 546, 236 N.Y.S. 1; McCluskey v. Cromwell, 11 N.Y. 593; People ex rel Franklin Mills Co. v. Collins, 193 App.Div. 925, 184 N.Y.S. 944, affirmed 232 N.Y. 502, 134 N.E. 547; Archer v. Equitable Life Assurance Society, 218 N.Y. 18, 112 N.E. 433; Macrum v. Board of Supervisors of Suffolk County, 141 Misc. 358, 252 N.Y.S. 546; Coman v. Lakey, 80 N.Y. 345.

It is not in dispute that on December 23, 1937 the Rosom Utilities, Inc., was adjudicated a bankrupt. That prior to its bankruptcy and on or about September 11, 1937, the bankrupt purchased from the Wholesale Radio Equipment Company, the claimant, distributor of Stewart-Warner products, 11 Stewart-Warner Radios and 2 Stewart-Warner Refrigerators and, in order to secure the balance of the purchase price of the articles, executed and delivered to the claimant a purchase money chattel mortgage to which reference has been made. It appears that a copy of this mortgage was duly filed in accordance with the Lien Law of the State of New York in the appropriate office, that is, the Register of the County of Kings.

The bankrupt defaulted in the payment of the first installment due under the mortgage on November 1, 1937. Pursuant to the terms of the mortgage the claimant became entitled to the immediate possession of the chattels because of said default.

Section 230-a of the Lien Law of the State of New York supplements Section 44 of the Personal Property Law, Consol.Laws, c. 41, known as the Bulk Sales Act. The purpose of this law is to prevent the defrauding of creditors by the disposition of the debtor's assets. Here we have an instance of a chattel mortgage covering a few items of personal property. By no stretch of the imagination can it be considered that the mortgage in question is "intended to operate as a mortgage upon a stock of merchandise in bulk or any part thereof." This law provides that a mortgage or a conveyance intended to operate as a mortgage upon stock merchandise in bulk or "any part thereof" shall be void as against the creditors of the mortgagor unless at least five days prior to the execution of the mortgage the mortgagor shall make a full and detailed inventory, showing the quantity, etc., and requiring the mortgagee, at least five days before the execution of a mortgage an the property to be mortgaged in "bulk", to either notify the creditors personally or by registered mail of the proposed mortgage and the terms and conditions thereof.

What the Legislature, undoubtedly, had in mind was to protect creditors against fraud and to prevent the mortgaging and disposition of the property of a debtor without appropriate notice to the creditors. This notice would enable the creditors of a debtor, in the event of fraud, to apply to the Court for relief. Certainly, in a case of this character where a mortgagor buys

a few radios and refrigerators and executes a purchase money mortgage thereon, it was not the intention of the Legislature of the State of New York to place an undue burden upon the mortgagee to notify all the creditors of the mortgagor. If such were the intention of the Legislature it could have said so in clear language. The mortgagor did not affect the creditors' rights by the execution of the purchase money mortgage as they had no interest in the chattels which were being purchased by the mortgagor. The creditors of the mortgagor could not possibly have been defrauded or deceived. This was simply a transaction between the seller and purchaser of merchandise wherein the purchaser executed a chattel mortgage on the very merchandise sold to secure the purchase price.

The conclusion is inescapable that claimant's purchase price chattel mortgage is not void under Section 230-a of the Lien Law of the State of New York. The claimant is, therefore, entitled to the property covered by the chattel mortgage. The petition for review is granted.

Settle order on notice.